**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 33721**

| | |
|---|---|
| STATE OF IDAHO,　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　　　) | **2009 Opinion No. 15** |
| 　　　　Plaintiff-Respondent,　　　　) | |
| 　　　　　　　　　　　　　　　　　　) | **Filed: March 11, 2009** |
| v.　　　　　　　　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　　　) | **Stephen W. Kenyon, Clerk** |
| JAMES ZANE PARMER,　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　　　) | |
| 　　　　Defendant-Appellant.　　　　　) | |
| 　　　　　　　　　　　　　　　　　　) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Joel D. Horton, District Judge.

Judgment of conviction for lewd conduct with a minor child under sixteen, affirmed.

Jones & Swartz, PLLC, Boise, for appellant.  Darwin Overson argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.  Kenneth K. Jorgensen argued.

_____

PERRY, Judge

James Zane Parmer appeals from his judgment of conviction for lewd conduct with a minor child under sixteen.  For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Parmer provided massage services to K.R., a fourteen-year-old female, to treat her for migraine headaches and leg pain.  K.R. reported that, at one session, Parmer was using a vibrating device to relieve tension in the muscles of her inner thigh when he placed the device in a position to cause her sexual arousal.  Additionally, she reported that Parmer had also engaged in manual-genital contact.  Parmer was arrested and charged with lewd conduct with a minor child under sixteen.  I.C. § 18-1508.

The state filed a notice of intent, pursuant to I.R.E. 404(b), to use evidence in the form of testimony from eight witnesses regarding similar inappropriate sexual touching during massages

1

provided by Parmer. The state then filed a motion in limine for the district court to rule on the admissibility of the witnesses' testimony under I.R.E. 403 and 404(b). After a hearing, the district court held that the testimony of seven of the eight witnesses would be admissible for the purposes of showing a common scheme or plan, intent, or absence of mistake or accident and that any prejudicial effect of such testimony could be cured by a limiting jury instruction. Six of the witnesses testified at Parmer's trial. Counsel for Parmer also attempted to elicit testimony from a police officer regarding statements that Parmer made during an interrogation, and the district court sustained the state's hearsay objection. The trial resulted in a hung jury.

In preparation for Parmer's retrial, the state then filed another notice of intent to use Rule 404(b) evidence in the form of testimony from two additional witnesses regarding inappropriate sexual contact by Parmer with them in the course of a massage. A second motion in limine was filed and after a hearing, the district court ruled that the testimony would be admissible on the same grounds as the six witnesses who testified at the first trial. Additionally, the district court held that counsel for Parmer could not make any reference to nor publish the recording of statements made by Parmer during a police interrogation because the statements were hearsay. The district court had previously sustained the state's hearsay objection to these statements in the first trial.

At the retrial, testimony was presented from the eight witnesses. The jury found Parmer guilty, and the district court sentenced him to a unified term of twenty years, with a minimum period of confinement of seven years. Parmer appeals, challenging the district court's orders granting the state's motions in limine as to the Rule 404(b) witnesses and prohibiting Parmer's counsel from presenting any evidence of Parmer's statements during the police interrogation.

## II.

## ANALYSIS

### A. Rule 404(b) Evidence

Parmer raises several issues concerning the admission of testimony regarding his prior bad acts. First, Parmer alleges that the district court abused its discretion by determining that the Rule 404(b) witnesses could testify based only on the state's offer of proof to the court concerning the subject matter of the proposed witnesses' testimony. Second, Parmer alleges that the Rule 404(b) evidence was irrelevant. Third, he alleges that the prejudicial effect of the testimony of eight prior bad acts witnesses substantially outweighed any probative value of the

2

evidence. Fourth, he alleges that the district court abused its discretion by refusing trial counsel's request for additional time to prepare for the two Rule 404(b) witnesses added prior to the retrial. Lastly, he alleges that the district court abused its discretion by allowing one of the two additional Rule 404(b) witnesses to testify at the retrial after that witness had attended portions of the first trial.

Evidence of other crimes, wrongs, or acts is not admissible to prove a defendant's criminal propensity. I.R.E. 404(b); *State v. Needs*, 99 Idaho 883, 892, 591 P.2d 130, 139 (1979); *State v. Winkler*, 112 Idaho 917, 919, 736 P.2d 1371, 1373 (Ct. App. 1987). However, such evidence may be admissible for a purpose other than that prohibited by I.R.E. 404(b). *State v. Avila*, 137 Idaho 410, 412, 49 P.3d 1260, 1262 (Ct. App. 2002). In determining the admissibility of evidence of prior bad acts, the Supreme Court has utilized a two-tiered analysis. The first tier involves a two-part inquiry: (1) whether there is sufficient evidence to establish the prior bad acts as fact; and (2) whether the prior bad acts are relevant to a material disputed issue concerning the crime charged, other than propensity. *State v. Grist*, ___ Idaho ___, ___, ___ P.3d ___, ___ (2009), *reh'g pending*. We will treat the trial court's factual determination that a prior bad act has been established by sufficient evidence as we do all factual findings by a trial court. We defer to a trial court's factual findings if supported by substantial and competent evidence in the record. *State v. Porter*, 130 Idaho 772, 789, 948 P.2d 127, 144 (1997). Whether evidence is relevant is an issue of law. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). Therefore, when considering admission of evidence of prior bad acts, we exercise free review of the trial court's relevancy determination. *Id.* The second tier in the analysis is the determination of whether the probative value of the evidence is substantially outweighed by unfair prejudice. *Id.* When reviewing this tier we use an abuse of discretion standard. *Id.*

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

3

### 1. State's offer of proof

Parmer alleges that the district court abused its discretion by determining that the Rule 404(b) witnesses could testify based only on the state's offer of proof to the court concerning the content of the proposed witnesses' testimony. He argues that there must be a factual predicate established on the record before a ruling on admissibility is made. Furthermore, he argues that, even if the district court correctly relied on the state's offer of proof, the district court erred by failing to strike portions of witness testimony which varied from the alleged testimony purported in the offer of proof. The state responds that this issue was not preserved for appeal by timely objection, it is unsupported by legal authority, or that it is an incorrect statement of the law because the very purpose of the offer of proof is to enable the district court to rule on the admissibility of proffered evidence.

Recently, the Supreme Court in *Grist*, reviewed a district court's admission of Rule 404(b) evidence in a trial for lewd conduct with a minor under sixteen. In that case, the district court found:

> "I think the evidence submitted to me by way of the offer of proof from the state is relevant to a material disputed issue in this matter, that is, defendant's alleged conduct, and though certainly prejudicial to the defense, I believe that the probative value would substantially outweigh the danger of unfair prejudice."

*Grist*, ___ Idaho at ___, ___ P.3d at ___. The Supreme Court held that the district court did not make a proper determination as to whether there was sufficient evidence to establish the prior bad acts as fact but did not specifically identify a proper method for establishing prior bad acts as fact. The quoted language from the district court in that case referred to a reliance on an offer of proof concerning the proffered testimony. However, the Supreme Court did not condemn the reliance on an offer of proof in the initial presentation of the testimony to be elicited at trial for purposes of a Rule 404(b) determination. In that case, the district court failed to make such a finding at all and, instead, ruled only on the relevance and the balancing of the prejudicial effect and probative value.

Reliance on an oral or written offer of proof in determining the admissibility of Rule 404(b) evidence is one way that a district court can make the requisite initial finding that a prior bad act is established as fact. A trial court may also rely on affidavits, stipulations by the parties, live testimony, or may hold more extensive evidentiary hearings for each witness in advance of

4

trial. In any event, the Supreme Court has held that these considerations of admissibility must be made on a case-by-case basis by the trial court. *Id.* at ___, ___ P.3d at ___. The Supreme Court has not articulated what standard of proof is required for the trial court to factually establish the prior bad acts. However, the Court did hold that such evidence would only be relevant if the jury could reasonably conclude that the act occurred and that the defendant was the actor. *Id.* at ___, ___ P.3d at ___. It would be illogical to place a higher burden on the trial court's preliminary analysis of the admissibility of the proffered evidence under Rule 404(b). Therefore, in considering the admissibility of evidence under Rule 404(b), a trial court must determine that there is sufficient evidence to support a reasonable conclusion that the act occurred and that the defendant was the actor. The holding of *Grist* also disfavors an implied acceptance that sufficient evidence exists to establish a prior bad act as fact by mere virtue of the trial court's determination of the probative value of the evidence. Rather, a trial court must articulate a separate finding that sufficient evidence exists to support a reasonable conclusion that the act occurred.

In this case, the state filed a notice of intent to use Rule 404(b) evidence before each trial in which it identified the potential witnesses and to what each would testify. The district court then held a hearing at which time counsel for both parties had an opportunity to argue the content of the witnesses' testimony, the relevance, and the prejudicial effect. Based on the information contained in the state's notice of intent as well as the argument heard at both hearings, the district court ruled on the admissibility of the evidence. The district court was acting without the benefit of the *Grist* opinion which, as we have noted above, requires a trial court to articulate a separate factual finding that sufficient evidence exists to support a reasonable conclusion that the act occurred. Nevertheless, we conclude that the district court made the required findings in this case. Following argument at the hearing on the state's motion in limine prior to the first trial, the district court, after excluding the testimony of one witness that did not pass Rule 404(b) muster, found:

> As to the remainder of the testimony -- that is, the testimony of [the seven remaining witnesses] -- I am satisfied that, based upon the State's offer that there's more than adequate showing that, under the guise of whether it was characterized as a massage or physical therapy, that the defendant is engaging in otherwise legitimate contact with the apparent purpose of engaging in inappropriate sexual contact.

5

> I am satisfied, based upon the showing, that the testimony of those individuals is admissible under [404] for purposes of showing a common scheme or plan, or absence of mistake, or absence of accident. And significantly, I find that it would be relevant as to the requisite intent to gratify the sexual desires of either the purported victim or of the accused.
>
> My requirement then is to step to the 403 analysis. The danger of the 403 concern that I have is the propensity concern, of course, the very real concern is that a jury might hear such evidence and take the inappropriate logical step of: Well, if he did it before, then he did it in this instance.
>
> However, I am satisfied that those concerns about inappropriate use of the evidence for propensity purposes can be addressed by a limiting instruction instructing the jury that the testimony of [the seven witnesses] is only admissible for the limited purposes of showing a common scheme or plan, absence of mistake or accident, or the requisite intent.

First, the district court made the required finding that there was an adequate showing that Parmer had committed the prior bad acts of engaging in inappropriate sexual contact under the guise of legitimate massage techniques. Second, the district court articulated the purpose, other than propensity, for admission of the evidence--to show common scheme or plan, absence of mistake or accident, and intent. Thus, the district court satisfied the two steps of the first tier in the Rule 404(b) admissibility analysis. Next, the district court satisfied the second tier of the analysis by finding that the probative value was not substantially outweighed by the danger of unfair prejudice because any prejudicial effect could be cured by a limiting instruction.

At the hearing on the state's motion in limine prior to the second trial, the district court also made the requisite findings relative to the two additional Rule 404(b) witnesses.

> As to the offer of [the two additional witnesses'] testimony, I am satisfied that this evidence is probative. There is a danger of unfair prejudice, but I think that unlike a sexual relationship with a minor child, that this testimony is capable of being addressed by means of the limiting instruction of the form that was given to the jury as it related to the six 404(B) witnesses in the first case.
>
> As to the probative value, I am satisfied that allegations by these individuals, if believed by a trier of fact that the defendant engaged in inappropriate sexual contact in the context of physical therapy, is relevant to those issues that I previously admitted. . . . in terms of demonstrating motive, opportunity, intent or absence of mistake or accident.

Again, the district court was acting without the benefit of the Supreme Court's recent holding in *Grist* which disfavors the implied acceptance that sufficient evidence exists to establish a prior bad act as fact by mere virtue of the trial court's determination of the probative value of the

6

evidence. However, while the quoted language may appear to make the disfavored implication, we conclude that the district court adequately made the requisite factual findings in this case, unlike the district court in *Grist*.

First, the district court satisfied the first tier of the analysis in finding that the testimony, if believed by the jury, demonstrated that Parmer engaged in inappropriate sexual contact. The district court then referenced the proper purposes, other than propensity, to be served by the admission of the Rule 404(b) evidence--namely, motive, opportunity, intent, or absence of mistake or accident. Second, the district court again satisfied the second tier of the analysis by weighing the probative value versus the danger of unfair prejudice and determining that any danger of unfair prejudice could be mitigated by a limiting instruction.

Parmer contends, in effect, that the district court should have held a mini-trial for each witness to determine whether Parmer was, in fact, guilty of such offense based on a prescribed standard of proof. This option was available to the district court if it was not satisfied through other methods that sufficient evidence existed to establish the prior bad acts as fact. However, the district court was satisfied by the state's offer of proof and the argument presented at the hearings on the state's motions in limine that such evidence existed to support a reasonable conclusion that the acts occurred. To require the district court to conduct further intensive inquiry when the evidence presented had already sufficiently met the court's satisfaction would be an unnecessary waste of judicial time and resources. The required factual predicate can be adequately met initially by representations of counsel in the offer of proof. Thereafter, if the actual testimony of the witness fails to comport with the standards of the Rules of Evidence and with the content upon which the district court made its admissibility determination, the district court may instruct the jury to disregard all or any part of the witness' testimony.

Parmer points to several variances between the actual testimony of some of the Rule 404(b) witnesses and the content of their testimony alleged in the state's notice of intent. However, no contemporaneous objection was raised by trial counsel at the time that any deviations became apparent in the testimony. This Court will not address an issue not preserved for appeal by an objection in the trial court. *State v. Rozajewski*, 130 Idaho 644, 645, 945 P.2d 1390, 1391 (Ct. App. 1997). However, we may consider fundamental error in a criminal case, even though no objection was made at trial. *Id*. Fundamental error has been defined as error which goes to the foundation or basis of a defendant's rights, goes to the foundation of the case

7

or takes from the defendant a right which was essential to his or her defense and which no court could or ought to permit to be waived. *State v. Babb*, 125 Idaho 934, 940, 877 P.2d 905, 911 (1994).

This Court has held, regarding an allegation of prosecutorial misconduct, that an error only rises to the level of fundamental error if it is "so egregious or inflammatory that any ensuing prejudice could not have been remedied by a curative jury instruction." *State v. Timmons*, 145 Idaho 279, 287, 178 P.3d 644, 652 (Ct. App. 2007). In this case, had trial counsel objected to the testimonial variances and a curative instruction been given by the district court, any alleged prejudice could have been averted. Parmer argues that the district court, in its gatekeeper function, should have struck any testimony that varied from the offer of proof when such variances became apparent. However, the United States Supreme Court has held, regarding evidence which is preliminarily admitted conditional to the proving of a fact at trial:

> Often the trial court may decide to allow the proponent to introduce evidence concerning a similar act, and at a later point in the trial assess whether sufficient evidence has been offered to permit the jury to make the requisite finding. If the proponent has failed to meet this minimal standard of proof, the trial court must instruct the jury to disregard the evidence.

*Huddleston v. United States*, 485 U.S. 681, 690 (1988) (footnote omitted). The Court then clarified that it is "not the responsibility of the judge sua sponte to insure that the foundation evidence is offered; the objector must move to strike the evidence if at the close of the trial the offeror has failed to satisfy the condition." *Id.* at n.7, *quoting* 21 C. WRIGHT & K. GRAHAM, FEDERAL PRACTICE AND PROCEDURE § 5054 (1977). Thus, it was not the district court's burden to sua sponte strike the testimony when any variances became apparent. Rather, the trial court must strike the testimony in response to objections raised by opposing counsel that such testimony varied from the offer of proof upon which the district court previously relied in its Rule 404(b) admissibility determination.

Therefore, the district court did not abuse its discretion by determining that the Rule 404(b) witnesses could testify based only on the state's offer of proof to the court concerning the content of the proposed witnesses' testimony. Furthermore, we conclude that the district court was not required to sua sponte strike portions of testimony that varied from the state's offer of proof and that any error caused by the variances in testimony was not properly preserved for appeal and does not rise to the level of fundamental error.

## 2. Relevance of Rule 404(b) evidence

Parmer argues that the district court erred by determining that the Rule 404(b) evidence was relevant for the purpose of showing a common scheme or plan, intent, and absence of mistake or accident. He contends that the prior bad acts were too dissimilar to the present offense to be admissible for that purpose. Specifically, Parmer contends that all but one of the witnesses was allegedly victimized as an adult and the method of each alleged assault varied from case to case, including some consensual encounters. Additionally, Parmer argues that absence of mistake or accident was not at issue until after he testified and therefore, it was error to allow the state to present this evidence in its case-in-chief.

The state responds that the evidence was relevant to show a common scheme that, during the course of therapeutic massages, Parmer would sexually assault female victims. Therefore, this evidence made it more probable that Parmer possessed the required sexual intent when he allegedly inappropriately touched K.R. and the touching was not a result of accident or mistake. The state further argues that age differences and variances in the manner by which Parmer inappropriately touched his victims do not make the evidence irrelevant. As to any consensual encounters, the state responds that they were initiated by Parmer during the course of a therapeutic massage and, therefore, are still relevant to show that he possessed the requisite state of mind when he committed the alleged acts in this case.

As stated above, we exercise free review over a district court's relevancy determination. *Atkinson*, 124 Idaho at 819, 864 P.2d at 657. The Idaho Supreme Court has held that age differences between adult and child victims at the time of a sexual battery does not render the evidence of prior bad acts irrelevant. *State v. Cardell*, 132 Idaho 217, 220, 970 P.2d 10, 13 (1998). The facts of *Cardell* are nearly indistinguishable from this case. Cardell was a masseuse who was accused of committing a sexual battery on a sixteen-year-old client. The district court in that case allowed testimony from other former clients of Cardell who testified to similar inappropriate touching during massages given to them. On appeal, Cardell argued that the prior bad acts witnesses were all adults at the time that he allegedly committed a battery upon them and, therefore, their testimony was irrelevant in a prosecution for sexual battery of a minor. The Supreme Court held:

> The testimony of the adult massage clients was relevant to whether Cardell's touching of R.S.'s vaginal area was accidental. These women were asked at trial whether they believed that the touching of their vaginal areas by

9

> Cardell was accidental. The adult clients testified that they did not believe the touching was accidental during their massages. This testimony was relevant under I.R.E. 404(b) because it tends to show that any touching of R.S.'s vaginal area by Cardell during massage therapy was not a mistake or accident, since other clients testified to similar touching.
>
> Cardell argues that the testimony does not fit within the exceptions in I.R.E. 404(b) because the testimony was not from women in the same age category as R.S. Although these women were older than R.S., their testimony was of events during a massage given by Cardell which was similar to the testimony of R.S. The age difference between the victim R.S. and the adult massage clients does not render the adults' testimony regarding absence of mistake or accident irrelevant.

*Id.* Therefore, the testimony of prior bad acts witnesses in a trial for lewd conduct with a minor under sixteen years of age is not rendered irrelevant for the purpose of showing absence of mistake or accident by the fact they were allegedly assaulted by Parmer as adults.

Parmer additionally argues that the variances in the manner by which the Rule 404(b) witnesses were assaulted render their testimony irrelevant in the present case. In the context of showing a common plan or scheme, the Supreme Court in *Grist* cautioned that trial courts must carefully examine evidence to determine whether the charged conduct and the prior bad acts are so related to each other that proof of one tends to establish the other, knowledge, identity, or absence of mistake or accident. *Grist*, ___ Idaho at ___, ___ P.3d at ___. Such careful examination for the requisite factual similarities is not just limited to cases where Rule 404(b) evidence is offered to show a common scheme or plan, but must be conducted when evidence is offered for any purpose under Rule 404(b). This ensures that the evidence actually serves the purpose for which it is offered.

During the hearing on the state's motion in limine prior to the first trial,[1] the district court found the testimony to be relevant:

> I am satisfied that, based on the State's offer that there's more than adequate showing that, under the guise of whether it was characterized as a massage or physical therapy, that the defendant is engaging in otherwise legitimate contact with the apparent purpose of engaging in inappropriate sexual contact.

---

[1] The district court employed similar reasoning in its analysis of the admissibility of the two additional Rule 404(b) witnesses who were allowed to testify at the retrial.

The manner of offensive touching among the Rule 404(b) witnesses varied from kissing, digital-genital and oral-genital contact, other touching of the breast and genital areas, as well as Parmer stimulating himself by rubbing or pressing his groin against a victim's body. Parmer's argument that the evidence of alleged inappropriate touching in this case is irrelevant because it was not accomplished through exactly the same manner is unpersuasive. It makes no difference that K.R. alleged in this case that Parmer used a massage tool to sexually arouse her and that he digitally penetrated her. Even if, as Parmer contends, the prior bad acts are too factually or temporally remote to show a common plan or scheme to victimize massage clients, the prior misconduct can still be indicative of an absence of accident or mistake or of Parmer's intent to sexually gratify himself or others through inappropriate sexual touching under the guise of proper massage techniques. The evidence was relevant, as found by the district court, to show that Parmer's contact with K.R. was not by accident or mistake and that he had the requisite intent to sexually gratify either K.R. or himself.

Parmer attempts to distinguish *Cardell* from this case. Parmer argues that, in *Cardell*, the testimony of prior bad acts was only allowed in rebuttal after the defendant had testified and placed accident, mistake or lack of intent at issue, not in the state's case-in-chief. Idaho Code Section 18-1508 defines lewd conduct with a minor under sixteen:

> Any person who shall commit any lewd or lascivious act or acts upon or with the body or any part or member thereof of a minor child under the age of sixteen (16) years, including but not limited to, genital-genital contact, oral-genital contact, anal-genital contact, oral-anal contact, manual-anal contact, or manual-genital contact, . . . when any of such acts are done with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person, such minor child, or third party, shall be guilty of a felony . . . .

The section establishes a specific intent crime requiring the prosecution to prove that Parmer acted with the intent of arousing or gratifying sexual desires within K.R. or himself. Therefore, it was necessary for the state to introduce evidence in its case-in-chief proving that Parmer acted with the requisite sexual intent.

This Court has previously held that intent is not always sufficiently at issue in a specific intent crime so as to justify the admission of prior bad acts evidence. *State v. Roach*, 109 Idaho 973, 974-75, 712 P.2d 674, 675-76 (Ct. App. 1985) ("Further, if we were to conclude that intent is always at issue in a trial for a charged specific intent crime, then other crime evidence would

always be admissible, subject, of course, to the balancing process. We do not believe the intent exception goes that far."). In *Roach*, this Court held that intent was not sufficiently at issue because the defendant contended that he did not commit the act in question. The defendant did not contend that he committed the act with innocent intent. In this case, however, Parmer's intent to gratify either the sexual desires of K.R. or himself was squarely at issue. As summarized by trial counsel during closing argument at Parmer's retrial:

> Our main contention . . . is that he didn't do this to sexually gratify himself. He didn't do this to sexually gratify [K.R.]. Did he make a mistake? Did he make a mistake by using that vibrator? . . . It's stupid. . . .
>
> I am sorry. Any time that you are going to get a vibrator and put it near this area, you are going to get results of stimulation going into the groin. It is going to happen.
>
> Did he intend the results of that? Did he intend to gratify her? No. Did he intend to sexually gratify himself? No. That is what the case is all about. That's it. . . . The instruction you get as far as if you find that and you find that he did do it with the intent to sexually gratify himself or her, yeah, you gotta find him guilty.

Therefore, *Roach* can be distinguished from this case. The Rule 404(b) evidence was relevant to show absence of mistake or accident or Parmer's intent, which was squarely at issue in this case. Accordingly, the evidence was properly admitted, and the district court did not err in allowing it to be presented in the state's case-in-chief.

As to Parmer's arguments regarding the consensual nature of some of the contact testified to by two of the Rule 404(b) witnesses, this issue has not been properly preserved for appeal. Parmer argues that two of the witnesses testified to consensual encounters. One of the witnesses was a subject of the state's second motion in limine prior to the retrial. At the hearing on the motion, trial counsel made no objection, nor any mention, of the witness' testimony being inadmissible because it related to consensual activity. During the witness' testimony during the retrial, no objection was made when testimony was elicited regarding these encounters. This Court will not address an issue not preserved for appeal by an objection in the trial court. *Rozajewski*, 130 Idaho at 645, 945 P.2d at 1391.

The second witness who Parmer argues testified to consensual encounters was a subject of the state's first motion in limine prior to the first trial. At the hearing on the motion, trial counsel made the following blanket statement regarding consensual activities:

And then I encourage the Court to look at the adult women. I don't know how some of these incidents with adult women could be anything other than consensual behavior. I am not saying all of them are that way, but they are claiming, one of them is claiming that he crawled up on the therapy table, was kissing them, was fondling them. One claims that he sucked her toes; another claims that they French-kissed.

I don't know how this could be other than consensual behavior, and it is clearly--I mean, if they are claiming somehow it wasn't consensual, I'm not sure how they can make that claim. But if they do, I think the 404 weighing process certainly comes into play.

Trial counsel made no other statement specifically objecting to what encounters were consensual. The witness of whom Parmer now complains is not even mentioned. When a trial court unqualifiedly rules on the admissibility or inadmissibility of evidence prior to trial, no further objection at trial is required in order to preserve the issue for appeal. *State v. Baer*, 132 Idaho 416, 418, 973 P.2d 768, 770 (Ct. App. 1999). However, in *Baer*, this Court held that a defendant's motion in limine does not preserve an objection for appeal regarding anything related to the subject matter of his motion. In this case, the state filed the motion in limine, but the analysis of *Baer* is still applicable. Parmer's broad, generalized argument at the hearing on the motion in limine did not preserve for appeal his specific objections to the alleged consensual encounters testified to by an identified witness. To properly preserve the issue, trial counsel had to raise the objection at trial. Not only was no objection made, but trial counsel often himself inquired as to the consensual encounters during cross-examination. Therefore, the issue was not properly preserved for appeal. This Court will not address an issue not preserved for appeal by an objection in the trial court. *Rozajewski*, 130 Idaho at 645, 945 P.2d at 1391.

We may consider fundamental error in a criminal case, even though no objection was made at trial. *Id*. However, we conclude that this allegation of error does not rise to the level of fundamental error.

### 3.    Prejudice of Rule 404(b) evidence under I.R.E. 403

Parmer argues that the district court abused its discretion by ruling that the probative value of the Rule 404(b) evidence was not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or waste of time. Specifically, Parmer contends that the admission of testimony from eight Rule 404(b) witnesses as compared to only six other witnesses in the state's case-in-chief was unduly cumulative and confused the issue for which he

was on trial. The state responds that the district court properly acted within its discretion when it acknowledged the potential danger of prejudice and held that any prejudice could be minimized by a limiting instruction to the jury. A lower court's determination under I.R.E. 403 will not be disturbed on appeal unless it is shown to be an abuse of discretion. *State v. Enno*, 119 Idaho 392, 406, 807 P.2d 610, 624 (1991); *State v. Clark*, 115 Idaho 1056, 1059, 772 P.2d 263, 266 (Ct. App. 1989). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *Hedger*, 115 Idaho at 600, 768 P.2d at 1333.

The question of the number of witnesses testifying to prior bad acts is a matter of concern under Rule 403 analysis. Since the testimony is inherently prejudicial, at some point the number of such witnesses can become excessive and overwhelm the probative value of the evidence. This determination is left to the discretion of the trial court. The number of witnesses appropriate to establish a common scheme or plan, absence of accident or mistake, or intent will vary with each case. Thus, the issue cannot be resolved by drawing an arbitrary line. The Supreme Court in *Grist* held that trial courts must make such admissibility determinations on a case-by-case basis while remaining cognizant of the potential cumulative effect of the evidence and its tendency toward proving propensity and bad character. *Grist*, ___ Idaho at ___, ___ P.3d at ___. The Court warned against the admission of propensity evidence merely under the auspices of an acceptable purpose under Rule 404(b). *Id.* at ___, ___ P.3d at ___. The Supreme Court held that the ultimate risk of such evidence was: "If he did it before, he probably did it this time as well." *Id.* at ___, ___ P.3d at ___. Therefore, when reviewing the district court's discretionary determination we will consider whether the court properly weighed these considerations in its Rule 403 analysis.

At the hearing on the motion in limine prior to Parmer's first trial, the district court held:

> The danger of the 403 concern that I have is the propensity concern, of course, the very real concern is that a jury might hear such evidence and take the inappropriate logical step of: Well, if he did it before, then he did it in this instance.
>
> However, I am satisfied that those concerns about inappropriate use of the evidence for propensity purposes can be addressed by a limiting instruction

14

instructing the jury that the testimony of [the Rule 404(b) witnesses] is only admissible for the limited purpose of showing a common scheme or plan, absence of mistake or accident, or the requisite intent.

The district court followed a similar analysis for the two additional Rule 404(b) witnesses who testified at the retrial. The district court's findings demonstrate its conscious regard that such evidence inherently runs the risk of becoming improper propensity evidence. The district court's language even refers to the same flawed logic of which the Supreme Court expressed concern in *Grist*. The district court was aware of the concern regarding the admission of propensity evidence under a different name. The district court also treated the Rule 404(b) evidence no differently than with any other crime--the kind of disparate treatment which was condemned by the Supreme Court in *Grist*. In addition, the district court found that a limiting instruction would help to ensure that the jury considered the Rule 404(b) evidence only for its proper purposes. Prior to the testimony of the first Rule 404(b) witness, the district court instructed the jury:

> Ladies and gentlemen, during the course of this trial evidence will be introduced for purpose of showing that the defendant committed acts other than that for which the defendant is on trial. Such evidence, if believed, is not to be considered by you to prove the defendant's character, or that the defendant has a disposition to commit crimes.
> Rather, such evidence may be considered by you only for the limited purposes of proving the defendant's motive, opportunity, intent, plan, or absence of mistake or accident.

The district court reiterated this instruction again at the conclusion of the trial. We conclude that the district court made a reasonable determination within the applicable legal standards.

Parmer argues why he believes the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. However, he fails to explain how the district court's decision to remedy the danger through a curative instruction was inadequate. In his reply brief, Parmer asserts "a curative instruction to the jury can only go so far to avoid prejudicing the defendant when there are so many 404(b) witnesses." No argument is made as to why the instruction fails other than the number of Rule 404(b) witnesses made it impossible for the jury to follow the court's instruction. However, we presume that the jury followed the district court's instructions. *See State v. Kilby,* 130 Idaho 747, 751, 947 P.2d 420, 424 (Ct. App. 1997); *State v. Hudson*, 129 Idaho 478, 481, 927 P.2d 451, 454 (Ct. App. 1996). Therefore, the district court did not abuse its discretion when it found that any prejudice could be cured by a limiting

instruction to the jury and that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice.

### 4. Inadequate time to prepare for additional witnesses before retrial

Parmer alleges that the district court abused its discretion by refusing trial counsel's request for additional time to prepare for the two 404(b) witnesses added prior to the retrial. Specifically, Parmer argues that "denial of the motion to vacate significantly prejudiced the defense's ability to investigate and prepare to meet the testimony of [the additional witnesses] and amounted to an abuse of discretion." That is the extent of Parmer's argument and authority on this issue. The state filed the second notice of intent to use Rule 404(b) evidence on July 28, the hearing was held on August 2, and trial was set to begin on August 22. Other than the conclusory statement quoted above, no argument is made or authority presented supporting the proposition that nearly a month of time was inadequate for defense counsel to prepare for the testimony of two additional witnesses. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Accordingly, we do not further address this issue.

### 5. Testimony of witness at retrial after attending first trial

Parmer alleges that the district court abused its discretion by allowing one of the two additional Rule 404(b) witnesses to testify at the retrial after that witness had attended portions of the first trial. Specifically, Parmer contends that this was a violation of the district court's exclusionary order entered before the first trial and prohibiting all prospective witnesses from being present in the courtroom or otherwise receiving any information pertaining to the testimony of other witnesses. Additionally, Parmer argues that this should have been a heavily-weighted factor in the district court's balancing of unfair prejudice and probative effect under Rule 403.

The cases and authority cited in support of Parmer's argument refer to situations where a district court's sequestration or exclusionary order has actually been violated. However, the witness who is the source of Parmer's allegation of error was not included as a potential witness in the first trial. Therefore, the witness was not subject to the district court's exclusionary order and that order was not violated by the witness' presence at that proceeding. Parmer cites no authority for the argument that a witness who rightfully attends trial proceedings, which later result in a hung jury, is prohibited from testifying at a retrial. Additionally, Parmer cites no

authority for his contention that the district court was required to consider the possibility of tainted testimony in its Rule 403 analysis. Furthermore, Parmer cites no authority for the proposition that he is relieved of his burden of demonstrating how the presence of this witness at the first trial resulted in tainted testimony because he brought the matter to the district court's attention prior to the retrial. A party waives an issue on appeal if either authority or argument is lacking. *Zichko*, 129 Idaho at 263, 923 P.2d at 970. Accordingly, we do not further address this issue.

**B.      Parmer's Statements During Police Interrogation**

Parmer next argues that the district court abused its discretion by sustaining the state's hearsay objection to testimony concerning statements that he made during a police interrogation or the publishing of the recording to the jury. He alleges that the statements were necessary for the jury to understand other statements that he had made during a confrontation call with K.R. and to put them in context. Additionally, he argues that the confrontation call and the interrogation were close in time and similar in content. Therefore, he contends that, pursuant to I.R.E. 106, the statements made during the interrogation must be considered contemporaneously with the confrontation call recording which had been admitted into evidence.[2] Furthermore, Parmer contends that the statements fall under the I.R.E. 801(d)(1)(B) exclusion from the hearsay rule.[3]

Parmer's arguments concerning the applicability of Rules 106 and 801(d)(1)(B) are not properly preserved for appeal. At Parmer's first trial, defense counsel attempted to elicit testimony from the interrogating officer regarding Parmer's statements made during the

---

[2]      Idaho Rule of Evidence 106 provides:

> When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require that party at that time to introduce any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.

[3]      Idaho Rule of Evidence 801(d)(1) provides that a statement is not hearsay if:

> The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . . (B) consistent with declarant's testimony and is offered to rebut an express or implied charge against declarant of recent fabrication or improper influence or motive . . . .

17

interrogation. After the state objected on hearsay grounds, trial counsel responded that the statements should be allowed because they were Parmer's own statements or admissions. The district court sustained the hearsay objection because the Rules of Evidence provide that only admissions of a party-opponent are subject to the exception to the hearsay rule. After trial counsel attempted to elicit testimony regarding the interrogation by another method--a DVD recording of the interrogation--the state again objected on hearsay grounds and the district court held a bench conference outside of the presence of the jury. The district court sustained the state's hearsay objection and later gave its reason for sustaining the objection on the record:

> When counsel came forward, I asked for an explanation of a non-hearsay purpose, or an exception to the hearsay rule for which the evidence was attempting to be elicited as to the substance of the defendant's interview, or as foundational for the defendant's interview with law enforcement officers.
> Counsel was not able to identify anything beyond that which was stated in terms of: It is a statement of the defendant. In a criminal trial, a defendant's statement may be offered by the State under Rule [801](d)(2), but there is no corresponding right for a defendant to introduce his own statements. It was clearly offered for a hearsay purpose.

At the hearing on the state's motion in limine prior to Parmer's retrial, the district court likewise ruled that evidence of Parmer's statements would not be admissible by the defense. Trial counsel for Parmer made no specific objection at that time. The only argument raised by trial counsel as to the admissibility of Parmer's statements during the police interrogation concerned Rule 801(d)(2). The district court properly denied the admission of the statements on this basis. No other argument was made by trial counsel regarding Rules 106 or 801(d)(1). Therefore, any argument that the statements were admissible under those rules has not been properly preserved, and we will not address it on appeal. *See Rozajewski*, 130 Idaho at 645, 945 P.2d at 1391.

We may consider fundamental error in a criminal case, even though no objection was made at trial. *Id*. However, even were we to assume error, this does not rise to the level of fundamental error as Parmer testified at the trial and had an adequate opportunity to explain or put the confrontation call statements in proper context.

### III.

### CONCLUSION

The district court did not abuse its discretion by allowing Rule 404(b) witnesses to testify based only on the state's offer of proof to the court concerning the content of the proposed

18

witnesses' testimony. Trial counsel failed to object to any variances between the Rule 404(b) witnesses' actual testimony and the state's offer of proof, and the district court was not required to sua sponte strike all or any part of the varying testimony. The testimonial variances do not rise to the level of fundamental error. The testimony of the Rule 404(b) witnesses was relevant and the district court did not abuse its discretion in finding that the probative value was not substantially outweighed by the prejudicial effect. Parmer presents inadequate argument and authority to support his argument of inadequate time to prepare for additional Rule 404(b) witnesses prior to his retrial. Likewise, Parmer presents inadequate argument or authority to support his argument that the district court abused its discretion by allowing a witness to testify at the retrial who had been present at the first trial, when that witness rightfully attended portions of the first trial.

The district court also did not abuse its discretion by denying the admissibility of Parmer's statements made during the police interrogation on hearsay grounds when trial counsel argued their admissibility as admissions of a party-opponent. Parmer's contention that admission of the statements was justified under other Rules of Evidence is not properly preserved for appeal and does not rise to the level of fundamental error. Because we have found no errors that were properly preserved for appellate review, the harmless error and cumulative error doctrines do not apply. Therefore, Parmer's judgment of conviction for lewd conduct with a minor child under sixteen is affirmed.

Judge GRATTON, **CONCURS.**

Judge GUTIERREZ, **DISSENTS.**