**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 43198**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | 2016 Unpublished Opinion No. 673 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: September 12, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| **RICHARD GARZA PENA,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven J. Hippler, District Judge.

Judgment of conviction for felony unlawful possession of a firearm, <u>affirmed</u>.

Eric D. Fredericksen, Interim State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Richard Garza Pena appeals from the judgment of conviction entered upon the jury verdict finding him guilty of felony unlawful possession of a firearm and the following misdemeanors: driving without privileges; possession of drug paraphernalia; and possession of a controlled substance, testosterone; and he pleaded guilty to a persistent violator enhancement. At trial, Pena asserted the officers' testimony that they observed Pena in his vehicle on recent occasions was "an improper comment on [Idaho Rule of Evidence] 404(b)" and therefore, inadmissible. On appeal, Pena argues the district court erred in admitting the officers' testimony because the testimony was not relevant to a material and disputed issue and its probative value was outweighed by unfair prejudice. The State contends because Pena did not separately assert the testimony was irrelevant and unfairly prejudicial at trial, Pena did not preserve this claim for appeal. The State also argues the testimony does not bear on Pena's character and thus, is not subject to an I.R.E. 404(b) analysis. Further, the State argues even if the testimony is subject to

1

an I.R.E. 404(b) analysis, the district court did not err in admitting the testimony because it is relevant to a material and disputed issue and its probative value outweighs any unfair prejudice. Finally, the State argues even if the district court did err, the error was harmless. For the reasons set forth below, we hold the testimony is not subject to an I.R.E. 404(b) analysis, and because Pena did not assert the testimony was irrelevant or unfairly prejudicial at trial, Pena did not preserve this claim for appeal.

## I.

## FACTS AND PROCEDURE

Pena was stopped by officers for failing to signal five seconds prior to making a turn. Dispatch informed the officer that Pena had a suspended license and an outstanding arrest warrant. The officers arrested Pena on the warrant, but also suspected Pena was driving under the influence. One officer transported Pena to the jail, where field sobriety tests and a blood draw were conducted while other officers stayed with Pena's vehicle. The blood draw revealed the presence of methamphetamine.

After confirmation that Pena had been driving under the influence, the officers who stayed with Pena's vehicle conducted an inventory search before the vehicle was towed. The search yielded a loaded, modified shotgun between the driver's seat and the center console, additional ammunition inside a container found in the center console, drug paraphernalia, and testosterone. The State charged Pena with felony unlawful possession of a firearm, Idaho Code § 18-3316, and the following misdemeanors: driving under the influence, I.C. § 18-8004; driving without privileges, I.C. § 18-8001(3); possession of drug paraphernalia, I.C. § 37-2734A; and possession of a controlled substance, testosterone, I.C. § 37-2732(c). The State also alleged Pena was a persistent violator, I.C. § 19-2514.

At trial, after opening statements, the district court held a hearing outside the presence of the jury regarding the admissibility of testimony from officers. The State requested it be allowed to elicit testimony from two officers that they observed Pena in the vehicle prior to the date of his arrest in this case in order to rebut Pena's defense that he was unaware of the firearm in his vehicle because he loaned the vehicle to others. Pena argued the testimony was "an improper comment on [Idaho Rule of Evidence] 404(b)" because he did not deny ownership of the vehicle. Pena did not argue the testimony was irrelevant or unduly prejudicial. The district court allowed the testimony, finding it relevant to Pena's use of the vehicle and his potential control of

anything in the vehicle. At trial, one officer testified he had seen Pena in the vehicle on "three different occasions in about two-and-a-half, three months prior to that traffic stop." The other officer testified he had seen Pena in the vehicle "approximately three times" over the six-to-eight-month period prior to the traffic stop.

The jury found Pena guilty of felony unlawful possession of a firearm and the following misdemeanors: driving without privileges; possession of drug paraphernalia; and possession of a controlled substance, testosterone. The jury acquitted Pena of driving under the influence. After the jury's verdict, Pena pleaded guilty to being a persistent violator. The district court imposed a unified twenty-year sentence, with seven years determinate, for unlawful possession of a firearm with the persistent violator enhancement, and concurrent 182-day sentences for the misdemeanors, with credit for 182 days served. Pena timely appeals.

## II.

## STANDARD OF REVIEW

When determining the admissibility of evidence to which an I.R.E. 404(b) objection has been made, the trial court must first determine whether there is sufficient evidence of the other acts that a reasonable jury could believe the conduct actually occurred. I.R.E. 404(b). If so, then the court must consider: (1) whether the other acts are relevant to a material and disputed issue concerning the crime charged, other than propensity; and (2) whether the probative value is substantially outweighed by the danger of unfair prejudice. *State v. Grist*, 147 Idaho 49, 52, 205 P.3d 1185, 1188 (2008); *State v. Parmer*, 147 Idaho 210, 214, 207 P.3d 186, 190 (Ct. App. 2009). On appeal, this Court defers to the trial court's determination that there is sufficient evidence of the other acts if it is supported by substantial and competent evidence in the record. *Parmer*, 147 Idaho at 214, 207 P.3d at 190. We exercise free review, however, of the trial court's relevancy determination. *State v. Sheldon*, 145 Idaho 225, 229, 178 P.3d 28, 32 (2008). The trial court's balancing of the probative value of the evidence against the danger of unfair prejudice will not be disturbed unless we find an abuse of discretion. *State v. Norton*, 151 Idaho 176, 190, 254 P.3d 77, 91 (Ct. App. 2011).

## III.

## ANALYSIS

**A.    The District Court Did Not Err by Failing to Conduct an I.R.E. 404(b) Analysis Prior to Admitting Into Evidence the Officers' Testimony**

On appeal, Pena argues the district court erred in admitting the officers' testimony about prior, recent stops because the testimony was an improper comment on I.R.E. 404(b) evidence because it was not relevant to a material and disputed issue and its probative value was outweighed by unfair prejudice.    The State argues the testimony does not bear on Pena's character and thus, is not subject to an I.R.E. 404(b) analysis.    Further, the State contends because Pena never argued the testimony was unfairly prejudicial at trial, Pena has not preserved this claim on appeal.    Even if the testimony is subject to an I.R.E. 404(b) analysis, the State argues the district court did not err in admitting the testimony because it is relevant to a material and disputed issue and its probative value outweighs any unfair prejudice.

We must first determine whether the testimony is subject to an I.R.E. 404(b) analysis. Idaho Rule of Evidence 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith.    It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that the prosecution in a criminal case shall file and serve notice reasonably in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

This rule prohibits the introduction of evidence of acts other than the crime for which a defendant is charged if its probative value is entirely dependent upon its tendency to demonstrate the defendant's propensity to engage in such behavior. *Grist*, 147 Idaho at 54, 205 P.3d at 1190. Of course, evidence of another crime, wrong, or act may implicate a person's character while also being relevant and admissible for some permissible purpose, such as those listed in the rule. *State v. Diaz*, 158 Idaho 629, 635, 349 P.3d 1220, 1226 (Ct. App. 2015).    If the evidence does not bear upon the defendant's character, it is not subject to an I.R.E. 404(b) analysis. *State v. Whitaker*, 152 Idaho 945, 949, 277 P.3d 392, 396 (Ct. App. 2012).

In *United States v. Lumpkin*, 192 F.3d 280 (2nd Cir. 1999), the court held a police officer's testimony that he "often saw Williams in the area where the relevant drug transaction

4

occurred" was not other acts evidence subject to a federal Rule 404(b)[1] analysis. *Lumpkin*, 192 F.3d at 287. The officer did not testify that he observed Williams engaging in criminal or other wrongful conduct. *Id.* The court held the nature of the officer's repeated observations of Williams in the area where drug transactions occurred did not qualify as evidence of a crime or bad act because nothing in the officer's observations indicated that the defendant was of bad character. *Id.* Conversely, in *United States v. Scott*, 677 F.3d 72 (2nd Cir. 2012), the court held detectives' testimony that they knew the defendant and had spoken with him on several occasions fell under Rule 404(b). *Id.* at 78-79. *Scott* distinguished *Lumpkin*, reasoning:

> The difference between a police officer's mere observations of a defendant in an area and testimony that two different detectives had had occasion to speak with [the defendant] up to five times and for up to twenty minutes (and on at least some different occasions) is substantial. That a police officer has merely seen a person, even repeatedly and even in a drug-prone location, may simply suggest that the person lives or works near the officer's daily patrol; in that sense, it is not evidence of any "act" at all.

*Scott*, 677 F.3d at 78-79. The *Scott* court noted the testimony in Scott's case fell within Rule 404(b) because:

> A jury hearing [the detectives'] testimony would conclude that [the defendant] was a person with a propensity to engage in wrongful, criminal or otherwise unusual behavior that would attract the attention of the police, and not, as in *Lumpkin*, merely a person who had been seen by a police officer at some point in his life.

---

[1] At the time of Williams' and Scott's trial, the federal rule read:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

*United States v. Scott*, 677 F.3d 72, 77 (2nd Cir. 2012). The language of Rule 404(b) has since been amended to read:

> [e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character . . . . This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. The Advisory Committee Notes for this change indicate that the change was "intended to be stylistic only. There is no intent to change any result in any ruling on evidence admissibility."

*Scott*, 677 F.3d at 77 n.4.

5

*Scott*, 677 F.3d at 79. The court held because the detectives' testimony invited speculation about the defendant's propensity to come into frequent contact with police, the testimony might adversely reflect on the defendant's character and must be evaluated under Rule 404(b). *Scott*, 677 F.3d at 79.

The testimony in this case is more similar to the officer's observations in *Lumpkin* than the detectives' significant contacts in *Scott*. Here, the district court limited the testimony of the officers to their mere observations of Pena in his vehicle. At trial, one officer testified he had seen Pena in the vehicle on "three different occasions in about two-and-a-half, three months prior to that traffic stop." The other officer testified he had seen Pena in the vehicle "approximately three times" over the six-to-eight-month period prior to the traffic stop. Like *Lumpkin*, nothing about the officers' mere observations of Pena driving his vehicle, even repeatedly, suggests Pena was engaging in any criminal or bad act or was of bad character, particularly where Pena conceded he owned and drove the vehicle. Because this testimony does not bear on Pena's character, it is not subject to an I.R.E. 404(b) analysis.

As noted above, because Pena failed to argue the evidence was irrelevant or unfairly prejudicial at trial as a separate basis for exclusion, we will not consider whether the district court erred in admitting the officers' testimony on a different basis. *See Hansen v. Roberts*, 154 Idaho 469, 473, 299 P.3d 781, 785 (2013) (for an objection to be preserved for appellate review, either the specific ground for the objection must be clearly stated or the basis of the objection must be apparent from the record).

## IV.

## CONCLUSION

Because this testimony does not bear on Pena's character, it is not subject to an I.R.E. 404(b) analysis. Further, because the testimony is not subject to an I.R.E. 404(b) analysis, and because Pena failed to argue at trial that the testimony was irrelevant or unfairly prejudicial, we will not consider this issue for the first time on appeal. Therefore, we affirm.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.