**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 44553**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Opinion No. 66** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed:  December 12, 2017** |
| | ) | |
| **v.** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **JEFFREY LYNN ALWIN,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County.  Hon. Cynthia K. C. Meyer, District Judge.

Judgment of conviction for eluding a peace officer, <u>vacated</u> and <u>case remanded</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Jeffrey Lynn Alwin appeals from his judgment of conviction for one count of eluding a peace officer, which was entered after a jury found him guilty.  Alwin asserts that the district court erred in admitting a booking photograph, which he contends is prohibited propensity evidence under Idaho Rule of Evidence 404(b).  Alwin further contends that the prosecutor committed misconduct rising to the level of fundamental error during closing argument.  Alwin asks this Court to vacate the judgment of conviction.  For the reasons explained below, we vacate the judgment of conviction and remand.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

At approximately 1:30 a.m. on August 3, 2015, an officer spotted a speeding vehicle and proceeded to effectuate a traffic stop.  He provided the vehicle's Montana license plate number

to dispatch and approached the vehicle. The driver never looked directly at the officer; the officer observed approximately three quarters of the driver's face at one point, but he was looking away from the officer at other points during the twenty-two-second stop. After briefly interacting with the officer, the driver sped away, reaching speeds of approximately 120 miles per hour. The officer pursued the car and called for backup. The driver eluded police.

Approximately fifteen minutes after the officer initially stopped the vehicle, he used the computer in his patrol vehicle to determine that the vehicle was registered to Alwin. The officer then viewed a photograph of Alwin and determined the driver was the person in the photograph. The photograph was a booking photograph, but it did not contain placards, identifying numbers, a side view, or anything else that would indicate that it was a booking photograph other than the jail issued clothing Alwin was wearing. Alwin was charged with felony eluding of a peace officer, Idaho Code § 49-1404(2).

During trial, the State sought to introduce into evidence the booking photograph relied on by the officer for identification purposes. Alwin objected under I.R.E. 404(b). The State responded that no conduct was being alleged. Neither party mentioned that it was a booking photograph or explained why the photograph constituted Rule 404(b) evidence. The district court did not see the photograph up close prior to admitting it and consequently did not know it was a booking photograph. As a result, the district court found the photograph did not constitute conduct under I.R.E. 404(b), overruled the objection, and admitted the exhibit.

Alwin proceeded to put on an alibi defense, with his half-brother testifying that Alwin was with his half-brother in Montana during the time of the police chase. Alwin also testified that two other individuals, one with a Russian-sounding name, had access to a spare key to the vehicle. Alwin also called an identification expert to discredit the officer's post-chase identification.

The jury found Alwin guilty. Alwin moved for a new trial on the basis that the district court erred by admitting the booking photograph. After a hearing on the motion for a new trial, the motion was denied. The district court entered a judgment of conviction and sentenced Alwin to a unified sentence of two years, with a minimum period of confinement of one year, but suspended the sentence and placed Alwin on probation for two years. Alwin timely appealed from the district court's judgment.

2

## II.

### ANALYSIS

The decision whether to admit evidence at trial is generally within the province of the trial court. Therefore, a trial court's determination as to the admission of evidence at trial will only be reversed where there has been an abuse of that discretion. *State v. Zimmerman*, 121 Idaho 971, 973-74, 829 P.2d 861, 863-64 (1992). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

The evidence rule in question, I.R.E. 404(b), provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that the prosecution in a criminal case shall file and serve notice reasonably in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

This rule prohibits introduction of evidence of acts other than the crime for which a defendant is charged if its probative value is entirely dependent upon its tendency to demonstrate the defendant's propensity to engage in such behavior. *State v. Grist*, 147 Idaho 49, 54, 205 P.3d 1185, 1190 (2009). However, evidence of another crime, wrong, or act may implicate a person's character while also being relevant and admissible for some permissible purpose, such as those listed in the rule. *See State v. Pepcorn*, 152 Idaho 678, 688-89, 273 P.3d 1271, 1281-82 (2012).

When determining the admissibility of evidence to which a Rule 404(b) objection has been made, the trial court must first determine whether there is sufficient evidence of the other acts that a reasonable jury could believe the conduct actually occurred. If so, then the court must consider: (1) whether the other acts are relevant to a material and disputed issue concerning the crime charged, other than propensity; and (2) whether the probative value is substantially outweighed by the danger of unfair prejudice. *Grist*, 147 Idaho at 52, 205 P.3d at 1188; *State v. Parmer*, 147 Idaho 210, 214, 207 P.3d 186, 190 (Ct. App. 2009). On appeal, this Court defers to the trial court's determination that there is sufficient evidence of the other acts if it is supported

by substantial and competent evidence in the record. *Parmer*, 147 Idaho at 214, 207 P.3d at 190. We exercise free review, however, of the trial court's relevancy determination. *State v. Sheldon*, 145 Idaho 225, 229, 178 P.3d 28, 32 (2008). The trial court's balancing of the probative value of the evidence against the danger of unfair prejudice will not be disturbed unless we find an abuse of discretion. *State v. Norton*, 151 Idaho 176, 190, 254 P.3d 77, 91 (Ct. App. 2011).

Alwin challenges the district court's ruling that the booking photograph did not provide evidence of prior bad acts. Booking photographs and lineup photographs have the potential to unfairly prejudice the jury against the defendant by suggesting the defendant is a "bad guy." *See United States v. Fosher*, 568 F.2d 207, 213 (1st Cir. 1978); *see also United States v. McCoy*, 848 F.2d 743, 745 (6th Cir. 1988). This is because they are indicative of past criminal conduct, which is why Rule 404(b) applies. *Fosher*, 568 F.2d at 213. However, booking photographs are only prejudicial if they are actually identifiable as booking photographs, either because of placards, identification numbers, or other notations. *Id.* at 214. If all incriminating indicia are concealed or removed, booking photographs may be introduced over the defendant's objection. *See id.*

In this case, Alwin objected to the introduction of the booking photograph by simply citing to Rule 404(b). Neither party mentioned in open court that the photograph was a booking photograph, and the district court did not closely view the photograph prior to admitting it. Thus, the district court was unaware that it was a booking photograph. At the hearing on the motion for a new trial, the district court more closely reviewed the photograph and recognized it as a booking photograph even though it lacked the usual incriminating indicia.[1] Because of this misapprehension, the district court admitted the photograph on the ground that it did not show "conduct" to which Rule 404(b) would apply. The district court, therefore, erred by failing to apply the legal standards applicable to all Rule 404(b) evidence.

The principle issue at trial was the identity of the driver. The erroneously admitted photograph was directly tied to the officer's identification of Alwin as the driver. Consequently,

---

[1]    Alwin is wearing "jail garb," consisting of yellow scrubs, in the photograph.

we cannot say that the error was harmless.[2]  Therefore, we are constrained to vacate Alwin's judgment of conviction and remand to the district court.[3]

## III.

## CONCLUSION

The district court abused its discretion when it admitted the booking photograph into evidence.  We cannot say the error was harmless.  Accordingly, the judgment of conviction is vacated and this case is remanded to the district court.

Chief Judge GRATTON and Judge HUSKEY **CONCUR**.

---

[2]  The State agrees that this conclusion is dispositive of the claim that the district court erred by denying Alwin's motion for a new trial.

[3]  During the State's closing argument, the prosecutor proclaimed that the identifying officer was credible, guaranteed the jury that the defense's theory of the case was not believable, and stated that he disagreed with the opinion of the identification expert Alwin had called to testify.  Because our conclusion as to the erroneous admission of the booking photograph is dispositive, we need not decide Alwin's claim of prosecutorial misconduct amounting to fundamental error.  However, we note that the prosecutor's arguments were, at best, improper.

5