## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 47597

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: August 10, 2021 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| DAVID HERRERA GONZALEZ, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Roger B. Harris, District Judge.

Judgment of conviction for two counts of felony injury to a child, aggravated battery with use of a deadly weapon and misdemeanor battery and unified sentence of fifteen years, with a minimum period of confinement of seven years, for the aggravated battery with use of a deadly weapon, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

David Herrera Gonzalez appeals from his judgment of conviction for two counts of felony injury to a child, aggravated battery with use of a deadly weapon, and misdemeanor battery. Gonzalez also challenges his aggregate, unified sentence of fifteen years, with a minimum period of confinement of seven years. We affirm.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

While intoxicated, Gonzalez got into an argument with his ten-year-old daughter, A.P., about her household chores. The argument turned physical when Gonzalez struck A.P. across

1

her thigh, back, and abdomen. When A.P. pleaded for Gonzalez to stop, he inserted his fingers in her mouth and pulled her lower jaw with both hands. After Gonzalez let go, A.P. fled to a bathroom. Gonzalez then retrieved a set of brass knuckles. When A.P. opened the bathroom door in response to Gonzalez's command, he struck her in the left hand with the brass knuckles and struck her across her neck with a metal pipe. Following the attack, A.P. contacted her mother, who took A.P. to the emergency room when the mother returned home from work. Medical professionals contacted law enforcement, resulting in Gonzalez's arrest.

The State charged Gonzalez with two counts of felony injury to a child, I.C. § 18-1501(1); aggravated battery with use of a deadly weapon, I.C. § 18-907; and misdemeanor battery, I.C. § 18-903. Gonzalez pled not guilty and the case proceeded to trial. While cross-examining an emergency room nurse who treated A.P., Gonzalez asked whether A.P. had described any incidents of abuse other than those involving her thigh, back, abdomen, jaw, and the brass knuckles. After the nurse responded that she could not recall any additional incidents, Gonzalez rephrased the question in greater detail, prompting the nurse to respond that A.P. stated "she had been undergoing abuse from [Gonzalez] for a week." The district court sustained Gonzalez's responsiveness objection, struck the testimony, and instructed the jury not to consider it. Subsequently, Gonzalez moved for a mistrial, arguing that the nurse's statement about A.P.'s prior abuse necessitated a new trial despite the district court's curative instruction. The district court denied Gonzalez's motion, concluding the nurse's testimony was invited error and did not warrant a mistrial. The jury found Gonzalez guilty of all the charged offenses.

The district court imposed a unified sentence of ten years, with a minimum period of confinement of seven years, for each count of felony injury to child; a unified sentence of fifteen years, with a minimum period of confinement of seven years, for aggravated battery; and 180 days in jail for misdemeanor battery. The court ordered the sentences to run concurrently. Gonzalez appeals.

## II.

## STANDARD OF REVIEW

In criminal cases, motions for mistrial are governed by I.C.R. 29.1. A mistrial may be declared upon motion of the defendant when there occurs during the trial, either inside or outside the courtroom, conduct that is prejudicial to the defendant and deprives the defendant of a fair

trial. I.C.R. 29.1(a). Our standard for reviewing a district court's denial of a motion for mistrial is well established:

> [T]he question on appeal is not whether the trial judge reasonably exercised his discretion in light of circumstances existing when the mistrial motion was made. Rather, the question must be whether the event which precipitated the motion for mistrial represented reversible error when viewed in the context of the full record. Thus, where a motion for mistrial has been denied in a criminal case, the "abuse of discretion" standard is a misnomer. The standard, more accurately stated, is one of reversible error. Our focus is upon the continuing impact on the trial of the incident that triggered the mistrial motion. The trial judge's refusal to declare a mistrial will be disturbed only if that incident, viewed retrospectively, constituted reversible error.

*State v. Urquhart*, 105 Idaho 92, 95, 665 P.2d 1102, 1105 (Ct. App. 1983).

A sentence within statutory limits is reviewed for an abuse of discretion. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006).

## III.

## ANALYSIS

Gonzalez argues the district court erred by denying his motion for a mistrial and by imposing excessive sentences. The State responds that the district court properly applied the invited error doctrine to deny Gonzalez's motion for a mistrial and that his sentences are reasonable. We hold that Gonzalez has failed to show error in the denial of his motion for a mistrial and has failed to show his sentences are excessive.

### A. Motion for Mistrial

Gonzalez asserts that testimony from the emergency room nurse who treated A.P. warranted a mistrial. Specifically, Gonzalez contends that the nurse's statement that A.P. told her that she "had been undergoing abuse from her father for a week" constitutes reversible error because, despite the district court's remedial efforts, the testimony had an "extraordinary prejudicial effect" by injecting "propensity or character evidence into the trial." The State contends that Gonzalez invited the testimony that he asserts was error. We agree with the State.

Parties cannot prevail on appeal by asserting errors they consented to or in which they acquiesced. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). This principle, known as the invited error doctrine, also estops parties from asserting errors induced through their own conduct. *Id.* The purpose of the doctrine is to prevent a party who caused or

3

played an important role in prompting an error from later exploiting it on appeal. *See id.* In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996).

At trial, the nurse testified about A.P.'s condition and the emergency medical treatment she received following Gonzalez's abuse. In an apparent attempt to show that A.P. had not told the nurse about the incident involving the metal pipe, Gonzalez cross-examined the nurse as follows:

[Defense]: So if I understand what [A.P.] told you correctly, she told you about some instance where she says she was struck on her thigh and her stomach area; is that correct?

[Nurse]: Yes.

[Defense]: In addition, she spoke to you about an incident involving her jaw; is that correct?

[Nurse]: Yes.

[Defense]: And then she also spoke to you of an incident involving brass knuckles; is that correct?

[Nurse]: Yes.

[Defense]: Any other incidents other than those three that she's spoken about?

[Nurse]: Not that I recall.

[Defense]: And so as far as your examination of [A.P.] is concerned and your discussions and communication with her, these three incidents that we just went through are the only three incidents you recall her speaking to you about; is that correct?

[Nurse]: She did tell me that she had been undergoing abuse from [Gonzalez] for a week.

[Defense]: Your Honor, I'm going to object as nonresponsive. Move to strike the last statement.

[Court]: Sustained. It's stricken.

Gonzalez also requested that the district court instruct the jury on the effect of striking testimony. The district court did so, instructing the jurors that they were to put the stricken testimony "out of [their] mind and not consider it" during deliberations.

Later, outside the presence of the jury, Gonzalez moved for a mistrial based upon the stricken statement, claiming the statement caused "extraordinary prejudicial effect" that the curative instruction could not remedy. Ultimately, the district court determined that, despite sustaining Gonzalez's responsiveness objection, a closer examination of his line of questioning on cross-examination revealed that he had "inadvertently opened the door for" the nurse's response. Consequently, the district court determined that the stricken statement constituted

4

invited error that did not warrant a mistrial. Accordingly, the district court denied Gonzalez's motion.

Gonzalez's challenge to the denial of his mistrial motion fails for two reasons. First, Gonzalez's line of questioning that resulted in the nurse's testimony relating A.P.'s statement about prior abuse was invited error. A party cannot secure reversal from testimony that is responsive to a question the party asked. *See Atkinson*, 124 Idaho at 821, 864 P.2d at 659. Conversely, this Court has declined to apply the invited error doctrine to unresponsive testimony volunteering inadmissible evidence. *State v. Simonson*, 112 Idaho 451, 453, 732 P.2d 689, 691 (Ct. App. 1987) (holding that the invited error doctrine did not apply when a witness answered the question "You have gone places, I think you said, didn't you?" by testifying, "Initially we did, before he pleaded guilty we went places. After he pleaded guilty and changed his plea."). According to Gonzalez, the nurse's testimony relating A.P.'s statement was unresponsive to his questioning as her testimony exceeded the "yes" or "no" answer he framed his question to seek. We disagree.

Although Gonzalez's question to the nurse that obtained the allegedly unresponsive testimony *could* have received a yes-or-no answer, the nurse's descriptive answer was responsive. Even questions calling for yes-or-no answers, in that they contain phrases like "Isn't it true," can result in responsive testimony exceeding the desired one-word reply. *See State v. Holley*, 175 A.3d 514, 545 (Conn. 2018). A questioner's desired phrasing of an answer is not the sole benchmark of its responsiveness. Selecting areas of inquiry and crafting questions for another party's witnesses involves inherent risks. *United States v. Zitt*, 714 F.3d 511, 513 (7th Cir. 2013). When a party poses an ambiguous question, the spectrum of responsive answers is broader. *See Holley*, 175 A.3d at 543. Inadvertence will not necessarily save a questioner, and this Court has noted that invited error may result from a mere "misstep on dangerous ground." *Atkinson*, 124 Idaho at 821, 864 P.2d at 659; *see also State v. Lawrence*, 599 P.2d 754, 757 (Ariz. 1979) (holding that the defense counsel invited error by "venturing onto dangerous ground" with a carelessly framed question).

Considering the nurse's allegedly unresponsive testimony in its broader context, the testimony was a fair, accurate, and correct response to Gonzalez's questioning. After jury selection, Gonzalez raised the issue of A.P. or her mother testifying to prior acts of uncharged

5

abuse during trial. Thus, Gonzalez cannot claim ignorance of the possibility that A.P. described prior abuse to the nurse while receiving treatment. Nonetheless, after the nurse testified that she "could not recall" discussing more than three specific instances of physical abuse with A.P., Gonzalez pressed further by asking whether the "three incidents that we just went through are the only three incidents you recall her speaking to you about; is that correct?" In response, the nurse disclosed A.P.'s statement that Gonzalez had been abusing her for a week.

Gonzalez may not have intended to elicit the response he received, but we cannot say that the nurse's testimony was uninvited. Despite using somewhat leading phraseology, Gonzalez's question was broad enough to embrace *any* instances of abuse A.P. disclosed, including instances occurring within the prior week. Thus, unlike *Simonson*, the nurse's response did not *volunteer* inadmissible evidence. *See Simonson*, 112 Idaho at 454, 732 P.2d at 692. In sum, Gonzalez's questions probed the full extent of the abuse A.P. disclosed to the nurse. Consequently, we affirm the district court's determination that the nurse's testimony about A.P.'s disclosure of prior abuse by Gonzalez was invited error. Because invited error is not reversible, Gonzalez has failed to show error in the denial of his motion for a mistrial.

Moreover, even if the nurse's testimony did not constitute invited error, we would still affirm the denial of Gonzalez's motion for a mistrial because the error did not have a continuing impact on the trial that would warrant a new trial. Gonzalez argues that the nurse's testimony relating A.P.'s prior abuse carried a potential of unfair prejudice that had a continuing impact on the trial because it risked inducing the jury to find Gonzalez guilty of the charges against him because he abused A.P. before. However, contrary to Gonzalez's conclusory assertion that the statement had "extraordinary prejudicial effect," its probative force was low. The prejudicial evidence at issue was not a graphic account of prior abuse or reference to a prior conviction[1] likely to rouse an emotional response from jurors. Rather, the response was a single vague statement by the nurse that A.P. stated she "had been undergoing abuse from her father for a

---

[1]    In support of his prejudice argument, Gonzalez quotes *State v. Bingham*, 124 Idaho 698, 701, 864 P.2d 144, 147 (1993) as follows: "The Idaho Supreme Court has noted, 'Rules of Evidence such as 404 . . . recognize implicitly that previous bad acts . . . are prejudicial.'" The full quote from *Bingham* reads: "Rules of Evidence such as 404 and 609 recognize implicitly that previous bad acts, *particularly previous convictions*, are prejudicial." *Id.* (emphasis added).

week." Immediately after the nurse made the statement, the district court struck it and instructed the jurors not to consider it. Moreover, no other evidence was presented corroborating the nurse's statement. A.P.'s prior abuse was not mentioned again during trial--leaving the precise nature, extent, and effects of the abuse unexplored.

In contrast, the evidence of Gonzalez's guilt is significant. A.P. testified that an intoxicated Gonzalez struck her six or seven times after an argument over household chores and then inserted his fingers into her mouth and pulled with both hands. According to A.P., she fled into a bathroom, locked the door, and noticed her tongue was bleeding and that she could lift it higher than normal. A.P. further testified that Gonzalez eventually followed her to the bathroom and, when she opened the door, he struck her in the left hand with brass knuckles (cutting her hand) and the neck with a metal pipe. A.P.'s mother testified that she returned home from work in response to text messages from A.P. following the attack and noticed that she was bleeding and her face was swollen. A.P.'s mother further testified that, before taking A.P. to the hospital, an intoxicated Gonzalez admitted striking A.P.

Medical professionals who treated A.P. testified to her injuries--specifically, bruising and redness on her left side and leg, a wound on her left hand, and a torn frenulum.[2] The officer who subsequently arrested Gonzalez testified that he retrieved a set of brass knuckles from Gonzalez's residence matching those described by A.P. In addition, Gonzalez testified he slapped A.P., causing her torn frenulum. Notably, the doctor who treated A.P. testified that a slap could not cause a torn frenulum, but that an adult male inserting his fingers into a child's mouth could. Considered as a whole, the probative force of the evidence showing Gonzalez's guilt, excluding the nurse's stricken statement, is substantial.

In sum, although the nurse's statement relating A.P.'s disclosure of abuse by Gonzalez earlier in the week, conveyed nonspecific evidence of uncharged conduct, such evidence does not automatically necessitate the declaration of a mistrial. *See State v. Ruiz*, 159 Idaho 722, 724, 366 P.3d 644, 646 (Ct. App. 2015). The effect of the nurse's testimony was minimal. Additionally, the district court immediately struck the objected-to statement and issued a curative instruction. We presume that the jury followed the district court's instructions. *See State v.*

---

[2] The nurse who treated A.P. described the "frenulum" as the "skin that touches (sic) your tongue to the bottom of your mouth."

7

*Kilby*, 130 Idaho 747, 751, 947 P.2d 420, 424 (Ct. App. 1997); *State v. Hudson*, 129 Idaho 478, 481, 927 P.2d 451, 454 (Ct. App. 1996). Gonzalez has failed to show that the incident that triggered his mistrial motion had a continuing impact on the trial necessitating reversal.

**B.     Excessive Sentence Claim**

Gonzalez argues that his aggregate, unified sentence of fifteen years, with a minimum period of confinement of seven years, is excessive. He argues the district court abused its discretion by failing to "adequately consider" his familial support, desire to rehabilitate himself and reunite with his wife and child, and that he has no prior "adult felony convictions." Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors for consideration when evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Moreover, our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

**IV.**

**CONCLUSION**

Gonzalez has failed to show that the district court erred by denying his motion for a mistrial. Gonzalez has also failed to show the district court abused its sentencing discretion. Consequently, Gonzalez's judgment of conviction and sentences for two counts of felony injury to a child, aggravated battery with use of a deadly weapon, and misdemeanor battery are affirmed.

Chief Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.

8