927 P.2d 451

STATE of Idaho, Plaintiff–Respondent,

v.

Harry W. HUDSON, Defendant–Appellant.

No. 21971.

Court of Appeals of Idaho.

Nov. 8, 1996.

Knowlton, Miles & Merica, Lewiston, for appellant. Charles E. Kovis argued.

Hon. Alan G. Lance, Attorney General; Michael A. Henderson, Deputy Attorney General (argued), Boise, for respondent.

PERRY, Judge.

Harry Wayne Hudson was found guilty by a jury of aggravated assault, along with the sentence enhancement charge for the use of a firearm in the commission of the assault. He appeals from the judgment of conviction, challenging the jury instructions, the denial of his motion for a continuance and the sentence imposed. For the reasons set forth below, we affirm.

# I.

## FACTS AND PROCEDURE

On April 6, 1994, Hudson arranged to meet his ex-fiance, Susan Katzenberger, at his home. When he realized that Katzenberger was not coming, Hudson telephoned her at Tim Weaver's home. When Katzenberger refused to see Hudson, Hudson told her that he was coming over to see her at Weaver's home. Fearing Hudson, Weaver called the police. Minutes later, when Hudson arrived, Weaver opened the door, believing Hudson was a police officer. Hudson demanded to see Katzenberger. When Weaver refused Hudson's request, Hudson raised a shotgun. Weaver testified at trial that Hudson raised the shotgun at Weaver and told him that he was going to blow Weaver away. Hudson testified that he was there to commit suicide and was trying to put the shotgun in his own mouth. When Weaver attempted to seize the gun, a struggle ensued. One shot discharged into Weaver's front door. Weaver subdued Hudson and the police arrived.

Hudson was charged by information with assault with intent to commit a serious felony, I.C. §§ 18–901(a), –909, and with unlawful discharge of a firearm, I.C. § 18–3317. Hudson was also charged with a sentence enhancement for the use of a firearm, a shotgun, in the commission of the assault. I.C. § 19–2520. Prior to trial, the unlawful discharge of a firearm charge was dismissed on state's motion.

A jury trial was scheduled for September 12, 1994. Three days before the scheduled trial, defense counsel moved to vacate the trial setting on the basis that the defense's out-of-state medical witness would be unavailable on the trial date. The district court granted the motion, and the jury trial was rescheduled for November 28, 1994.

On November 15, 1994, defense counsel requested another continuance of the trial apparently on the basis of a scheduling problem with defense witnesses. The district court granted the request, vacated the trial and again rescheduled the matter. The trial commenced on December 14, 1994. At the close of the state's case, defense counsel moved for a third continuance on the ground that the medical witness would be unable to testify and, therefore, defense counsel needed to depose the witness. The district court denied the motion.

The district court then considered the final draft of the proposed jury instructions and heard oral argument of counsel prior to the close of the evidence. The district court indicated it would allow instructions on the lesser included offenses of aggravated assault, I.C. § 18–905, and simple assault, I.C. § 18–901. The district court, however, denied Hudson's request to instruct the jury on three other lesser included misdemeanor offenses: exhibition or use of a deadly weapon; aiming a firearm at others; and discharge of arms aimed at another. Hudson proceeded to present his case to the jury.

Hudson was found guilty by a jury of the lesser included felony offense of aggravated assault, along with the sentence enhancement for the use of a firearm in the commission of the aggravated assault. However, in its judgment of conviction, the district court rendered judgment only for the crime of aggravated assault and sentenced Hudson to a term of seven years, with three years fixed. The district court retained jurisdiction for 180 days, and Hudson was sent to participate in the rider program at the North Idaho Correctional Institution (NICI). Thereafter, the district court suspended Hudson's sentence and placed him on probation for a period of seven years.

# II.

## ANALYSIS

Hudson appeals, claiming that the district court erred in: (1) refusing to instruct the jury on three lesser included misdemeanor offenses; and (2) refusing to grant Hudson's motion to continue the trial. Hudson also asserts that the district court abused its discretion in sentencing him.

### A. Lesser Included Offenses

 Hudson claims the district court committed reversible error by refusing to instruct the jury on the lesser included misdemeanor offenses of: (1) exhibition or use of a

deadly weapon, I.C. § 18–3303; (2) aiming a firearm at others, I.C. § 18–3304; and (3) discharge of arms aimed at another, I.C. § 18–3305. He claims the evidence presented at trial supported a finding that he committed these offenses, but not the greater offense charged.

It is unnecessary that we determine whether the noted crimes are lesser included offenses. We will assume, without deciding, that any or all of these crimes are lesser included offenses which the district court was obligated to offer to the jury. We hold, however, that any error in the district court's failure to give the instructions is harmless under the "acquittal first" requirement of I.C. § 19–2132(c).

■ An error will be regarded as harmless if the appellate court finds beyond a reasonable doubt that the jury would have reached the same result in the absence of the error. *Giles v. State,* 125 Idaho 921, 925, 877 P.2d 365, 369 (1994), *cert. denied,* 513 U.S. 1130, 115 S.Ct. 942, 130 L.Ed.2d 886 (1995). Where the error concerns the omission of an instruction on an included offense, the reviewing court looks to see whether the verdict indicates that the result would not have been different had the omitted instruction been given. *State v. Croasdale,* 120 Idaho 18, 20, 813 P.2d 357, 359 (Ct.App.1991), *citing State v. Owen,* 73 Idaho 394, 410, 253 P.2d 203, 212 (1953).

The acquittal first requirement under I.C. § 19–2132(c) states:

If a lesser included offense is submitted to the jury for consideration, the court shall instruct the jury that it may not consider the lesser included offense unless it has first considered each of the greater offenses within which it is included, and has concluded in its deliberations that the defendant is not guilty of each of such greater offenses.

Relying on this statute, the Idaho Supreme Court upheld a trial court's instructions that the jury should consider the included offenses only if the jury had unanimously found the defendant not guilty of the greater offenses. *State v. Raudebaugh,* 124 Idaho 758, 762, 864 P.2d 596, 600 (1993). The

Court also held that the instructions did not violate the Due Process Clause of the United States Constitution. *Id.* In holding that the acquittal first instruction was consistent with I.C. § 19–2132(c), the Court said:

The statute [I.C. § 19–2132(c)] requires the trial court to instruct the jury that it may not consider the lesser included offense unless it "has concluded in its deliberations that the defendant is not guilty of each of [the greater offenses within which it is included]." This language clearly requires an affirmative conclusion of the jury that the defendant is not guilty of each greater offense before considering a lesser included offense. The jury may reach this conclusion only by unanimity. Otherwise, the conclusion would be a conclusion of some of the jurors, but not of "the jury." Therefore, the acquittal first instructions comply with the language of the statute. *Id.,* 124 Idaho at 762, 864 P.2d at 600. *See also State v. Townsend,* 124 Idaho 881, 865 P.2d 972 (1993) (upholding the trial court's "acquittal first" instruction as consistent with I.C. § 19–2132(c)).

Here, the district court provided the jury with the following acquittal first instruction:

If the jury unanimously agrees that the defendant is guilty of the crime of ASSAULT WITH INTENT TO COMMIT A SERIOUS FELONY, that verdict must be entered.... However, if the jury unanimously agrees that the defendant is not guilty of the crime of ASSAULT WITH INTENT TO COMMIT A SERIOUS FELONY, you must then proceed to determine the defendant's innocence or guilt of the included offense of AGGRAVATED ASSAULT.

If the jury unanimously agrees that the defendant is guilty of the crime of AGGRAVATED ASSAULT, that verdict must be entered.... However, if the jury unanimously agrees that the defendant is not guilty of the crime of AGGRAVATED ASSAULT, you must then proceed to determine the defendant's innocence or guilt of the included offense of ASSAULT.

Therefore, if the district court would have given the lesser included instructions as proposed by Hudson, the district court would

have been required to instruct the jury, as it did above, that they must first unanimously acquit Hudson of the greater offense of aggravated assault before they could consider the lesser included misdemeanor offenses.

■ We presume that the jury followed the instructions given by the district court. *See State v. Hedger*, 115 Idaho 598, 601, 768 P.2d 1331, 1334 (1989); *State v. Rolfe*, 92 Idaho 467, 471, 444 P.2d 428, 432 (1968); *State v. Boothe*, 103 Idaho 187, 192, 646 P.2d 429, 434 (Ct.App.1982). In fact, in this case Hudson was found guilty of a lesser included offense, not the offense charged. Because the jury unanimously concluded that Hudson was guilty of the felony aggravated assault offense, the jury, under the acquittal first instruction, would have been foreclosed from considering the lesser included misdemeanor offenses. Therefore, we hold that any error in the district court's failure to offer the jury Hudson's proposed instructions on the lesser included misdemeanor offenses was harmless pursuant to the acquittal first requirement under I.C. § 19–2132(c).

**B. Motion to Continue**

■ Hudson asserts that the district court committed reversible error in refusing to grant his motion to continue the trial at the conclusion of the state's case. Hudson argues that because of a new federal regulation, of which he became aware on the day before he made the motion for the continuance, he was unable to procure a fact witness, Dr. de La Maza, who was a physician employed by the United States Department of Veteran's Affairs. Hudson argues that Dr. de La Maza would have testified regarding Hudson's mental condition and other medical problems.

■ The decision to grant a motion for a continuance rests within the sound discretion of the trial court. *State v. Ransom*, 124 Idaho 703, 864 P.2d 149 (1993). When a trial court's discretionary decision in a criminal case is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistent-

ly with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *Hedger*, 115 Idaho at 600, 768 P.2d at 1333. Generally, it has been held that unless an appellant shows that his or her substantial rights have been prejudiced by reason of a denial of his or her motion for continuance, appellate courts can only conclude that there was no abuse of discretion. *State v. Cagle*, 126 Idaho 794, 797, 891 P.2d 1054, 1057 (Ct.App.1995).

The district court considered argument by counsel in deciding whether to grant Hudson's motion to continue. The district court also asked Hudson's counsel questions regarding the unavailable witness, the expected testimony, and whether the witness would be testifying as an expert. The district court clearly recognized that its decision was discretionary and an exercise of reason.

The district court noted that counsel was responsible for securing the witnesses and recognized that Hudson's witness may have potentially relevant testimony. However, the district court was concerned about the resulting prejudice to the state in granting the continuance in the middle of the trial. Moreover, as shown in the record, the district court twice previously had granted Hudson's motions for continuances, based on the unavailability of defense witnesses. Having considered the facts and circumstances, we hold that the district court did not abuse its discretion in denying Hudson's motion for continuance.

**C. Sentence Review**

■ Hudson claims that his sentence was excessive in light of the facts of this case and the goals of sentencing. He asserts that local incarceration plus probation would have been sufficient punishment. The district court retained jurisdiction over Hudson in the rider program at NICI. Following this period, the district court granted him probation for a period of seven years. We conclude from our review of the record that the suspended three-year minimum term of confinement was not excessive.

## IV.

## CONCLUSION

We conclude that if the district court erred in failing to instruct the jury on the lesser included misdemeanor offenses, such error was harmless because of the acquittal first requirement under I.C. § 19–2132(c). We also conclude that the district court did not commit reversible error in denying Hudson's motion for continuance. Hudson's claim that his sentence was excessive is without merit. Hudson's judgment of conviction and sentence are affirmed.

WALTERS, C.J., concurs.

LANSING, J., concurring in part and dissenting in part.

For the reasons expressed in my dissent in *State v. Curtis*, —— Idaho ——, —— P.2d ——, Docket No. 21814, 1996 WL 648875 (Ct.App. Nov. 8, 1996), I dissent from the majority opinion's conclusion that any error in failing to instruct the jury on lesser included offenses is inherently harmless. I concur in the remainder of the opinion.