# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 47679

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

JEVON OLY GOFF,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

Filed: September 16, 2021

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Third Judicial District, State of Idaho, Payette County. Hon. Susan E. Wiebe, District Judge.

Judgment of conviction for statutory rape and for being a persistent violator, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

      Jevon Oly Goff appeals from his judgment of conviction for statutory rape and for being a persistent violator. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

      In January 2018, the State charged Goff with statutory rape and alleged he is a persistent violator. Goff pled not guilty and proceeded to trial. At a status conference on the Friday before trial, Goff's counsel told the district court that Goff did not want to be present at the trial. The court then had the following exchange with Goff:

> THE COURT:  Mr. Goff, I need to hear it from you. Your attorney is making some representation, but I haven't heard from you as far as what you want to do.

1

[GOFF]: I want to go back to the prison immediately. My medication is there. My everything is there. That's where I live. Being here makes me lose my appetite, and I didn't bring my medication with me or anything. And I need to go back to the prison.

Despite the court's assurance Goff would have access to his medication, Goff persisted that he did not want to be present for trial:

[GOFF]: My mental and emotional state can't handle being in this county jail. I don't want to be here. I don't want to be here for the trial. And it doesn't matter if I'm here or not. You are automatically guilty if you are accused of something like this. I already know that. So I just, I don't want to have anything to do with this place whatsoever. It makes me sick to be here. I feel ill. I want to go back to prison immediately.

THE COURT: One of the rights that you have is to, well, of course, meet with your attorney and be prepared for the trial, so that he is prepared for the trial, but you also have the right to confront the witnesses against you. If you are not present, then you are waiving that right to confront those witnesses.

[GOFF]: I understand.

THE COURT: Okay. Also, you would have to be present for the initial start of the trial. That's required. If you are wanting to have a jury trial, you have to be present on the first day, the first time that the trial is called. So at that point I would let you leave if you want to. I mean, or you could stay. I'm not going to foreclose you. If you get here on Monday and you say, yeah, actually I'm ready to stay, that's fine. But you do have to be here on Monday.

[GOFF]: Okay. So I can go home, go back to prison today, come back Monday morning, and then go back to the prison and stay there?

THE COURT: If that's what you are wanting to do.

[GOFF]: Yep.

THE COURT: That's against your attorney's advice. It would be against the Court's advice as well.

[GOFF]: It doesn't matter. This is just a circus. This is all just a show. It doesn't matter if I'm innocent or not. I've already been convicted on the other charge and given a life sentence. So, you know, I'm not . . . .

THE COURT: But you want to proceed to jury trial in this case? You just don't want to be here.

[GOFF]: Absolutely. Yep.

On the first day of trial, when the district court took up the case, Goff was present. After the court discussed excluding witnesses with counsel, Goff inquired, "Do I have to be here for jury selection?" The court responded, "You need to be here when the jury comes in, and then I'm going to give you the option." And Goff replied, "I want to leave as soon as possible."

2

Thereafter, when the jury venire entered the courtroom, the following exchange occurred between Goff and the court:

> THE COURT: All right. Mr. Goff, you have an absolute right to be here. Do you wish to remain in the courtroom?
> [GOFF]: No, sir. No, sir.
> THE COURT: Then you may leave.
> [GOFF]: I can go to transport?
> THE COURT: You may leave.

During voir dire, defense counsel inquired about the prospective jurors' thoughts regarding Goff's absence. When a potential juror indicated he thought Goff had been asked to leave, the district court responded, "No. Let me just clarify in case some of you didn't hear the exchange. I indicated to him he had every right to remain here, but if he wanted to, he could leave. And that's when he left." Later, in the preliminary instructions given to the jury, the court reiterated that Goff "was initially present when the trial began and has now chosen to not be present during the remainder of the trial. His choice to be absent is not to be considered in determining his guilt or innocence." Ultimately, the jury found Goff guilty of statutory rape and of being a persistent violator.

Goff timely appeals.

## II.

## ANALYSIS

On appeal, Goff asserts the district court abused its discretion by requiring him to be present when the jury venire entered the courtroom. "[I]t is within the trial court's discretion to grant a defendant's request to be absent from the trial." *State v. Wachholtz*, 131 Idaho 74, 78, 952 P.3d 396, 400 (Ct. App. 1998). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

Goff argues the district court's decision to require him to be present when the jury venire entered the courtroom was an abuse of discretion because the court acted inconsistently with the applicable legal standards and acted beyond the bounds of its discretion. Goff's argument fails to address Idaho Criminal Rule 43, which governs a defendant's presence and absence at trial.

3

Rule 43(c) governs when a defendant may waive his presence at trial. It provides in relevant part that "a defendant who was initially present at trial or other proceeding waives the right to be present . . . when the defendant is voluntarily absent after the trial has begun, regardless of whether the court informed the defendant of an obligation to remain during trial." I.C.R. 43(c)(1)(A). Addressing this language, this Court has previously ruled that the reference "to a defendant's voluntary absence from the trial does not establish a right to be absent but, rather, reiterates the holding in *Diaz v. United States*, [223 U.S. 442, 461-62 (1912)], that a defendant's voluntary absence after the trial commenced is a waiver of the right to be present and does not prevent the continuation of the trial." *Wachholtz*, 131 Idaho at 78, 952 P.2d at 400;[1] *see also Crosby v. United States*, 506 U.S. 255, 262 (1993) ("The language, history, and logic of Rule 43 support a straightforward interpretation that prohibits the trial *in absentia* of a defendant who is not present at the beginning of trial.").

We disagree with Goff's assertion that the district court acted inconsistently with the applicable legal standards. As *Wachholtz* concluded, Rule 43 does not provide Goff with the right to be absent from the trial. Further, Rule 43(c)'s requirement that a defendant may be voluntarily absent only "after the trial has begun" and this Court's interpretation of that language in *Wachholtz* support the district court's decision that Goff's presence was required at "the initial start of the trial."

In an attempt to avoid the requirement in Rule 43(c)(1)(A) that a defendant may only voluntarily absent himself "after the trial has begun," Goff argues that "trial actually 'begins' when the judge calls the court to order on the morning of trial, not when the jury venire enters the courtroom." In support, Goff relies on nonbinding federal authorities, and by doing so implicitly acknowledges the determination of when the trial actually begins is an issue of first impression in Idaho. *See, e.g.*, *Cuoco v. United States*, 208 F.3d 27, 31-32 (2d Cir. 2000) (concluding, in post-conviction context, that waiver of right to be present was valid because it occurred in open court when jury venire was in courthouse). We decline, however, to conclude that the district court abused its discretion by not interpreting Rule 43 in accord with nonbinding legal authorities. Moreover, the authorities Goff relies on largely focus on disruptive defendants

---

[1] This Court in *State v. Wachholtz*, 131 Idaho 74, 78, 952 P.2d 396, 400 (Ct. App 1998), addressed Rule 43(b)(1). Subsequently, Rule 43 was amended in July 2017. Rule 43(c)(1)(A) of this amended rule, which is at issue in this case, is substantively the same as the former Rule 43(b)(1) at issue in *Wachholtz*.

excluded from trial. The exclusion of a disruptive defendant, however, is a different circumstance for a defendant's absence under Rule 43(c) that requires the defendant only be "initially present at trial." *See, e.g.*, *United States v. Benabe*, 654 F.3d 753, 771-72 (7th Cir. 2011) (interpreting "initially present at trial" to "refer to the day that jury selection begins, though not to the precise moment that one or more prospective jurors enter the courtroom"). Also, we note several other courts have concluded, as the district court in this case did, that the trial begins when jury selection begins. *See, e.g.*, *United States v. Krout*, 56 F.3d 643, 646 (5th Cir. 1995) (listing cases and ruling plain language of Rule 43 compels interpretation that trial begins when jury selection begins).

We also disagree with Goff's assertion that the district court's decision to require his presence when the jury venire entered the courtroom was contrary to the Idaho Supreme Court's decision in *State v. Carver*, 94 Idaho 677, 496 P.2d 676 (1972). In *Carver*, the defendants appealed their convictions for burglary after a jury found them guilty of breaking into a snack bar at a golf course and stealing snacks. *Id.* at 678, 496 P.2d at 677. They argued "their trial was procedurally defective because they were not personally present during the impaneling of the jury." *Id.* Rather, they were brought into the courtroom only after the jury panel was sworn. *Id.* at 679, 496 P.2d at 678. The State acknowledged the error but argued it was "not so prejudicial as to warrant a new trial." *Id.* Addressing this argument, the Court noted that the defendants had a constitutional right to be personally present at their trial; "the impaneling process is part of the trial"; and "if the right to be present at the impaneling of the jury is to have meaning to these defendants, there must be a new trial." *Id.* at 679, 681, 496 P.2d at 678, 680.

*Carver* is inapposite in this case. The ruling in *Carver* that defendants have a constitutional right to be present during the impaneling of the jury does not support Goff's contention that he had the right to be absent before the jury venire entered the courtroom. Because we conclude the district court did not abuse its discretion, either by acting inconsistently with the applicable legal standards or beyond the bounds of its discretion, we do not need to address whether Goff's mention of "transport" before the jury venire prejudiced him by indicating to the jury that he was in custody. Regardless, the court instructed the jury not to consider Goff's choice to be absent in determining his guilt or innocence. We presume the jury followed this instruction. *See State v. Kilby*, 130 Idaho 747, 751, 947 P.2d 420, 424 (Ct. App. 1997); *State v. Hudson*, 129 Idaho 478, 481, 927 P.2d 451, 454 (Ct. App. 1996).

5

**III.**

**CONCLUSION**

The district court did not abuse its discretion when it ordered Goff to be present at the beginning of his trial.  Accordingly, we affirm Goff's judgment of conviction.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.