**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50079**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: May 6, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| NOEL AVILA-MENDOZA, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick J. Miller, District Judge.

Judgments of conviction for aggravated assault, unlawful possession of a firearm, use of a firearm during the commission of a felony, and misdemeanor possession of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, Interim State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Amy J. Lavin, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Judge Pro Tem

Noel Avila-Mendoza appeals from his judgments of conviction for aggravated assault, unlawful possession of a firearm, use of a firearm during the commission of a felony, and misdemeanor possession of a controlled substance.[1] We affirm.

---

[1] The district court consolidated Avila-Mendoza's cases, CR01-21-45389 and CR01-21-46450, before trial. The district court entered a judgment of conviction for misdemeanor possession of a controlled substance in case number CR01-21-45389. The next day the district court entered a judgment of conviction for case number CR01-21-46450 and included the misdemeanor possession of a controlled substance. The judgments of conviction overlap concerning the misdemeanor and we will treat the judgments as one for the purposes of appeal.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Avila-Mendoza was found guilty of aggravated assault (I.C. §§ 18-901 and 18-905(A)), unlawful possession of a firearm (I.C. § 18-3316), use of a firearm during the commission of a felony (I.C. § 19-2520), and misdemeanor possession of a controlled substance (I.C. § 37-2732(c)). Avila-Mendoza and his wife engaged in a verbal altercation in their shared residence until his wife left and walked to her parents' residence. Avila-Mendoza also went to his wife's parents' residence. Avila-Mendoza, his wife, and his wife's father continued to argue until Avila-Mendoza lifted his shirt and took out a gun. Avila-Mendoza then held the gun to his wife's stomach. She threw the gun into a bathroom and Avila-Mendoza ran out of the residence. Avila-Mendoza then reentered the residence with another gun and pointed it at his wife's father. Avila-Mendoza then lay on the floor of the living room waiting for the police to arrive. While Avila-Mendoza was being escorted to a patrol car, an officer identified a container with a leafy green substance inside one of Avila-Mendoza's pockets. Avila-Mendoza later confirmed that this was marijuana.

During trial, the State called the officer who escorted Avila-Mendoza from the residence to a patrol car as a witness. The prosecutor asked the officer if Avila-Mendoza made any statements regarding the event in the residence. The officer said that he read Avila-Mendoza his *Miranda*[2] rights after which the following exchange occurred:

> [Prosecutor]: Okay. Did he provide any statement?
> [Officer]: I read him his rights. He said--he answered the questions, but he wanted to know what his charges were. At that point I didn't know what the exact charges were, so I didn't tell him. I said they were to be determined. I asked him about if he kicked in the door to number--Trailer 8. And I don't recall what he said. I have to review my report. But I know he made a comment whatever happened there happened there and he didn't want to incriminate himself.

Counsel for Avila-Mendoza objected. The district court sustained the objection, notified the jury that the answer would be stricken from the record, and instructed the jury that the officer's response was not to be considered in deliberations. Outside the presence of the jury, the district court elaborated on its reasoning to strike the comment:

---

[2]      *See Miranda v. Arizona*, 384 U.S. 436 (1966).

That question was maybe--I don't think a question (sic) was anticipated by the State in the manner in which they asked the question. It was, I guess, somewhat responsive to the question, but certainly wasn't anticipated, in my view, by the State.

But it was not a proper answer to go into the record because it would--for a couple reasons. One is [Avila-Mendoza] has the Fifth Amendment right, and that cannot be used against [him]. And then the way it was said, I don't want to incriminate myself, can have even a more negative implication that I'm relying on my Fifth Amendment right because I don't want to say what happened because that would be incriminating. So, it's a little worse in that regard than to say I'm standing on my rights.

After the close of evidence, Avila-Mendoza moved for a mistrial based on the officer's testimony. In response, the prosecutor asserted he asked the question to elicit the phrase Avila-Mendoza iterated--"whatever happened there happened there." The district court denied the motion for mistrial and, instead, gave a jury instruction directing the jury not to consider or speculate about testimony that had been stricken or that it had been instructed to disregard. The jury found Avila-Mendoza guilty. He appeals.

## II.

## STANDARD OF REVIEW

In criminal cases, motions for mistrial are governed by I.C.R. 29.1. A mistrial may be declared upon motion of the defendant when there occurs during the trial, either inside or outside the courtroom, an error or legal defect in the proceedings or conduct that is prejudicial to the defendant and deprives the defendant of a fair trial. I.C.R. 29.1(a). Our standard for reviewing a district court's denial of a motion for mistrial is well established:

> [T]he question on appeal is not whether the trial judge reasonably exercised his discretion in light of circumstances existing when the mistrial motion was made. Rather, the question must be whether the event which precipitated the motion for mistrial represented reversible error when viewed in the context of the full record. Thus, where a motion for mistrial has been denied in a criminal case, the "abuse of discretion" standard is a misnomer. The standard, more accurately stated, is one of reversible error. Our focus is upon the continuing impact on the trial of the incident that triggered the mistrial motion. The trial judge's refusal to declare a mistrial will be disturbed only if that incident, viewed retrospectively, constituted reversible error.

*State v. Urquhart*, 105 Idaho 92, 95, 665 P.2d 1102, 1105 (Ct. App. 1983).

## III.

## ANALYSIS

Avila-Mendoza argues that the district court committed reversible error by denying his motion for a mistrial after the officer testified that Avila-Mendoza said he did not want to incriminate himself after being read his *Miranda* rights. Specifically, Avila-Mendoza argues that the connotation of the term "incriminate" is more likely to have led the jury to infer his guilt. He further asserts that the district court's instruction to the jury to disregard the statement was insufficient to cure the defect--particularly when the district court did not give a jury instruction regarding his right to remain silent at the time of arrest.

The State argues that Avila-Mendoza was not prejudiced because the district court promptly instructed the jury to disregard the stricken statement and reiterated this in a jury instruction. Further, the State notes that a jury instruction was given regarding Avila-Mendoza's right to not be compelled to testify at trial. The State argues there was no due process violation because Avila-Mendoza was not silent and, therefore, the answer by the officer did not influence the jury to infer guilt from silence, nor did the State rely on the statement to infer guilt.

We first examine whether the officer's testimony that Avila-Mendoza invoked his right to remain silent violated his rights under the Fifth and Fourteenth Amendments. The Idaho Supreme Court has reiterated the prosecution may not comment on a criminal defendant's invocation of his or her right to silence for the purposes of implying guilt. *State v. Parker*, 157 Idaho 132, 146-47, 334 P.3d 806, 820-21 (2014). Neither party disputes the statement that, "he didn't want to incriminate himself," implicates Avila-Mendoza's invocation of his right to remain silent. Further, neither party argues that the district court erred in sustaining Avila-Mendoza's objection to the officer's testimony. Therefore, if the statement attributed to Avila-Mendoza was an invocation of silence, it was improper for the officer to provide that testimony under *Miranda* and *Parker*. During a conference outside the presence of the jury, the prosecutor indicated he did not intend to elicit a statement regarding Avila-Mendoza asserting his right to silence but intended to elicit the Avila-Mendoza's statement that "whatever happened there happened there." The district court agreed that the prosecutor did not intend to elicit the statement invoking the right to silence. However, the district court and the parties at trial agreed that the officer's testimony was inadmissible and properly stricken. Although inadvertent, the jury heard evidence of

4

Avila-Mendoza's statement that he did not wish to incriminate himself, resulting in a Fifth Amendment violation. Thus, we must determine whether the error is reversible.

In determining whether error is reversible in the context of a motion for mistrial, our focus is upon the continuing impact on the trial of the incident that triggered the mistrial motion. *See Urquhart*, 105 Idaho at 95, 665 P.2d at 1105. Where a criminal defendant shows a reversible error based on a contemporaneously objected-to constitutional violation, the State then has the burden of demonstrating to the appellate court beyond a reasonable doubt that the constitutional violation did not contribute to the jury's verdict. *State v. Johnson*, 163 Idaho 412, 421, 414 P.3d 234, 243 (2018). In conducting this inquiry, we presume that the jury followed the district court's instructions. *See State v. Kilby*, 130 Idaho 747, 751, 947 P.2d 420, 424 (Ct. App. 1997); *State v. Hudson*, 129 Idaho 478, 481, 927 P.2d 451, 454 (Ct. App. 1996).

Testimony from several witnesses supported the jury's guilty verdicts. The jury heard testimony from Avila-Mendoza's wife that she and Avila-Mendoza were in an argument at their residence when she ran to her parents' residence and that Avila-Mendoza followed, lifted his shirt to show a gun in his waistband, held his wife around the neck, and pointed the gun to her stomach. Further, the wife's parents, who were present in the residence at the time of the incident, also testified at trial and corroborated those statements made by Avila-Mendoza's wife. Another witness testified that she was present in the residence when Avila-Mendoza and his wife had the altercation. The witness also testified that she heard Avila-Mendoza threatening to shoot all the people leaving the residence as the witness fled with Avila-Mendoza's wife, her two children, and the witness's child.

The jury heard two other responding officers testify to screaming coming from the residence and Avila-Mendoza crouching on the floor with a man and a woman present. The jury was also shown video from one of the officer's bodycams of screaming coming from the residence and Avila-Mendoza crouching on the floor with a man and woman present. The jury watched a video of the responding officers finding the guns in the residence. The jury also saw photographs of the broken doorframe of the wife's parents' residence and photographs of two guns in the locations where officers found them. The jury heard testimony from the officer and was shown a photograph of a green, leafy substance that he found on Avila-Mendoza at the time of arrest.

Furthermore, the district court ameliorated any effect of the officer's stricken testimony with its curative instruction. The district court immediately instructed the jury that the officer's testimony would be stricken and that the jury was to disregard any stricken testimony. The record does not suggest that the jury ignored the instructions or drew impermissible inferences of guilt from the stricken testimony. When viewed with all the evidence in the form of photographs, videos and testimony, the district court's curative instruction and the officer's testimony regarding Avila-Mendoza's statement, we conclude the State has met its burden to show that the constitutional violation did not have a continuing impact on the trial or contribute to the jury's guilty verdicts.

## IV.
## CONCLUSION

Avila-Mendoza has shown no error in the district court's denial of his motion for mistrial. Therefore, Avila-Mendoza's judgments of conviction for aggravated assault, unlawful possession of a firearm, use of a firearm during the commission of a felony, and misdemeanor possession of a controlled substance are affirmed.

Judge HUSKEY and Judge LORELLO, **CONCUR**.