**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51042**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: September 19, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JASON LOWELL SIMONSON, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven Hippler and Deborah A. Bail, District Judges.

Judgment for possession of a controlled substance, attempted destruction and/or alteration of evidence, and possession of drug paraphernalia, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Jason Lowell Simonson appeals from his judgment of conviction for possession of a controlled substance, attempted destruction and/or alteration of evidence, and possession of drug paraphernalia. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

While operating a commercial truck, Simonson was stopped by law enforcement at the port of entry for a routine regulatory inspection. Upon inspecting the truck, law enforcement did not observe any objects underneath the truck. However, during the inspection, an officer conducted a records check and discovered that Simonson had an active arrest warrant for a probation violation. After confirming the arrest warrant, an officer informed Simonson that he was under arrest and

1

instructed him to turn around and place his hands behind his back. As Simonson turned, officers observed that his hands were near or inside his front pockets. Upon being instructed to put his hands behind his back, Simonson appeared to discard an item. Officers then heard a clinking sound near the truck's fuel tank, and a glass pipe was observed partially underneath the truck. After Simonson's arrest, the substance in the glass pipe tested positive for the presence of methamphetamine residue. The State charged Simonson with possession of a controlled substance (I.C. § 37-2732(c)), destruction and/or alteration of evidence (I.C. § 18-2603), and possession of drug paraphernalia (I.C. § 37-2734A).

Prior to trial, the State filed a motion to introduce evidence that Simonson was lawfully arrested pursuant to a warrant for an unrelated offense at the time he allegedly committed the charged offenses. At the motion hearing, the district court found that the arrest was relevant under I.R.E. 404(b) to rebut any suggestion of unlawful police conduct and to support an inference that Simonson's knowledge of the impending arrest provided motive to discard the glass pipe. The district court also found the evidence was admissible as consciousness of guilt. Balancing the probative value against the risk of unfair prejudice under I.R.E. 403, the district court concluded the evidence was not unfairly prejudicial, in part because the jury would be given a limiting instruction clarifying that the arrest was for an unrelated matter and was not to be considered as evidence of criminal disposition. The district court subsequently issued a written memorandum decision and order granting the State's motion. Following trial, the jury found Simonson guilty of all charges. Simonson appeals.

## II.

## STANDARD OF REVIEW

We review questions of relevance de novo. *State v. Jones*, 167 Idaho 353, 358, 470 P.3d 1162, 1167 (2020); *State v. Aguilar*, 154 Idaho 201, 203, 296 P.3d 407, 409 (Ct. App. 2012). A trial court's determination under I.R.E. 403 will not be disturbed on appeal unless it is shown to be an abuse of discretion. *State v. Enno*, 119 Idaho 392, 406, 807 P.2d 610, 624 (1991); *State v. Clark*, 115 Idaho 1056, 1059, 772 P.2d 263, 266 (Ct. App. 1989). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable

to the specific choices before it; and (4) reached its decision by an exercise of reason.  *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Simonson argues that the district court erred by admitting evidence that he was lawfully arrested pursuant to a warrant for an unrelated offense.  Specifically, Simonson asserts the evidence of his arrest pursuant to the unrelated warrant was irrelevant and the probative value of the evidence was substantially outweighed by the danger of unfair prejudice.  The State responds that the district court did not err but, even if it did, any error was harmless.  We hold that Simonson has failed to show the district court erred in admitting evidence regarding the basis for Simonson's arrest.

Idaho Rule of Evidence 404(b) prohibits introduction of evidence of acts other than the crime for which a defendant is charged if the probative value of the evidence is entirely dependent upon its tendency to demonstrate the defendant's propensity to engage in such behavior.  *State v. Grist*, 147 Idaho 49, 54, 205 P.3d 1185, 1190 (2009).  Evidence of another crime, wrong, or act may implicate a person's character while also being relevant and admissible for some permissible purpose.  *See State v. Pepcorn*, 152 Idaho 678, 688-89, 273 P.3d 1271, 1281-82 (2012).  A nonexclusive list of permissible purposes is included in I.R.E. 404(b).  *See State v. Hairston*, 133 Idaho 496, 501, 988 P.2d 1170, 1175 (1999) (noting I.R.E. 404(b) lists "several permissible purposes" but explaining "this is not an exclusive list").  For example, the rule provides that evidence of a crime, wrong, or other act may be admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.  I.R.E. 404(b)(2).

When determining the admissibility of evidence pursuant to I.R.E. 404(b), the trial court must first determine whether there is sufficient evidence of the other acts that a reasonable jury could believe the conduct actually occurred.  If so, then the trial court must consider:  (1) whether the other acts are relevant to a material and disputed issue concerning the crime charged, other than propensity; and (2) whether the probative value is substantially outweighed by the danger of unfair prejudice.  *Grist*, 147 Idaho at 52, 205 P.3d at 1188; *State v. Parmer*, 147 Idaho 210, 214, 207 P.3d 186, 190 (Ct. App. 2009).  On appeal, this Court defers to the trial court's determination that there is sufficient evidence of the other acts if it is supported by substantial and competent

3

evidence in the record. *Parmer*, 147 Idaho at 214, 207 P.3d at 190. In this case, Simonson does not challenge the existence of his arrest warrant nor the legal basis for his arrest. Therefore, we address only whether the challenged evidence was relevant and, if relevant, whether it should have been excluded pursuant to I.R.E. 403.

## A.      Relevance

Evidence is relevant if it has any tendency to make a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. I.R.E. 401; *State v. Hall*, 163 Idaho 744, 774, 419 P.3d 1042, 1072 (2017). Applying the I.R.E. 404(b) framework, the district court found Simonson's arrest was relevant to provide context for the officers' actions. Specifically, the district court reasoned the arrest provided evidence of Simonson's motive to discard the pipe based on his knowledge that it contained a controlled substance. In reaching this conclusion, the district court relied on the Idaho Supreme Court's opinion in *State v. Jones*, 167 Idaho 353, 470 P.3d 1162 (2020). In *Jones*, the two-justice lead opinion held that evidence of the defendant's probationary status was relevant to explain why officers conducted a search of the defendant. *Id.* at 360, 470 P.3d at 1169. Applying this same reasoning, the district court held that evidence of Simonson's lawful arrest was relevant to provide necessary context because, without the evidence, the jury could have been misled to believe that officers acted improperly by placing Simonson in handcuffs and conducting a search.

Simonson argues the district court erred in its analysis because evidence of the unrelated arrest had no relevance for either his motive for discarding the pipe or his knowledge that it contained a controlled substance. The State argues that evidence of Simonson's arrest is relevant to both his motive to discard the glass pipe and his knowledge that it contained a controlled substance. We agree with the State.

Motive is defined as something that leads or tempts the mind to indulge in a particular act. *Pepcorn*, 152 Idaho at 689, 273 P.3d at 1282. Simonson's awareness that he was about to be searched incident to arrest provides a reason to discard the pipe to avoid its discovery. That same awareness also supports the inference that Simonson knew the pipe contained methamphetamine or another controlled substance, which is the reason he threw it under the truck. As the district court aptly noted: "There would be little reasons for [Simonson] to discard the glass pipe absent

4

both his impeding search incident to arrest and knowledge that the pipe contained residue of methamphetamine or some controlled substance."

Accordingly, the evidence of Simonson's arrest was relevant under I.R.E. 401 for the permissible purposes of establishing both motive and knowledge. Simonson has failed to show the district court erred by determining that evidence of his unrelated arrest was relevant to the permissible purposes of establishing knowledge and motive.

## B.    Prejudice

Under the second step of the I.R.E. 404(b) analysis, the district court was required to determine whether the probative value of the challenged evidence was substantially outweighed by the danger of unfair prejudice. Trial courts are afforded broad discretion in making this determination given their ability to assess the evidence within the context of the trial. *Grist*, 147 Idaho at 54, 205 P.3d at 1190. The trial court's balancing of the probative value of the evidence against the danger of unfair prejudice will not be disturbed unless there has been an abuse of discretion. *State v. Norton*, 151 Idaho 176, 190, 254 P.3d 77, 91 (Ct. App. 2011).

Simonson argues that the district court failed to properly weigh the probative value of the arrest evidence against the danger of unfair prejudice. According to Simonson, the arrest evidence had minimal probative value because the State could have established motive and knowledge through less prejudicial means. The State responds that the district court correctly considered the probative value of the evidence and cured any potential prejudice by limiting the State's inquiry about the arrest and by giving a limiting jury instruction.

The district court, in both its oral findings and written ruling, considered the probative value and potential prejudice of the evidence. The district court found that the evidence carried "significant probative value," particularly in explaining the legal basis for the officers' actions during the search and in supporting permissible inferences related to both Simonson's motive to discard the pipe and his knowledge of its contents. To minimize the risk of unfair prejudice, the district court: (1) limited the State's reference to the arrest as one based on an "unrelated minor offense" without "any mention of the underlying offense giving rise to the warrant"; and (2) gave a limiting instruction that advised the jury:

> Evidence was introduced that the defendant was arrested on an outstanding warrant for a minor unrelated matter. As you were instructed at the time of its admission, such evidence if believed is not to be considered by you to prove the

5

defendant's character or that the defendant had a disposition to commit crimes. Such evidence may be considered by you only for the limited purposes of proving the defendant's motive, knowledge and to provide a legal basis for the arrest.

We presume that the jury followed the district court's instructions. *See State v. Kilby*, 130 Idaho 747, 751, 947 P.2d 420, 424 (Ct. App. 1997); *State v. Hudson*, 129 Idaho 478, 481, 927 P.2d 451, 454 (Ct. App. 1996). The district court did not abuse its discretion in conducting the weighing required by I.R.E. 403 as part of the second step of the I.R.E. 404(b) analysis and in determining that the probative value of the challenged evidence was not substantially outweighed by the danger of unfair prejudice.

Simonson has failed to show that the district court abused its discretion in admitting limited evidence that he was arrested pursuant to a "warrant for a minor unrelated matter." Because we conclude that Simonson has failed to show error in the admission of the challenged evidence, we decline to address the State's alternative harmless error argument.

## IV.

## CONCLUSION

Simonson has failed to show that the district court abused its discretion when it admitted evidence of his unrelated arrest pursuant to a warrant. Therefore, Simonson's judgment of conviction for possession of a controlled substance, attempted destruction and/or alteration of evidence, and possession of drug paraphernalia is affirmed.

Chief Judge GRATTON and Judge TRIBE, **CONCUR**.

6