## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 51731

| | |
|---|---|
| STATE OF IDAHO,<br><br>      Plaintiff-Respondent,<br><br>v.<br><br>ALEXANDER GRANVILLE ALLAN,<br><br>      Defendant-Appellant. | Filed: December 29, 2025<br><br>Melanie Gagnepain, Clerk<br><br>THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Judgment of conviction for aggravated battery with a deadly weapon, leaving the scene of an injury accident, and misdemeanor eluding a peace officer, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Alexander Granville Allan appeals from his judgment of conviction for aggravated battery with a deadly weapon, leaving the scene of an injury accident, and misdemeanor eluding a peace officer. Allan argues the district court erred by denying his motion for a mistrial because a police officer testified to conducting a "felony stop" when describing the officer's actions in conducting the traffic stop. We conclude the district court did not err in denying Allan's motion for a mistrial. Allan's judgment of conviction is affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The State charged Allan with aggravated battery with a deadly weapon, Idaho Code §§ 18-903(a), -907(1)(b); leaving the scene of an injury accident, I.C. § 18-8007; and misdemeanor eluding a peace officer, I.C. § 49-1404(1). Allan pleaded not guilty, and the case proceeded to a jury trial.

1

During a conference held immediately before trial commenced, Allan raised concerns regarding Officer Joe Martinez's use of the term "felony" during the preliminary hearing. The State responded by explaining it informed Officer Martinez not to say the word "felony" during trial. The district court agreed the word "felony" should not be used during the trial but allowed the State to elicit testimony from the officer about why he had heightened security concerns and took additional steps, including the use of a pit maneuver, when conducting the stop and, ultimately, arresting Allan.

At trial, the evidence showed Allan, while driving his red Jeep Cherokee on a two-lane road, nearly sideswiped a bicyclist riding in the bike lane and traveling in the same direction as Allan. Allan corrected his driving and moved back into the lane of travel designated for motor vehicles. Shortly thereafter, the road split into a four-lane road (two lanes in each direction). Allan stayed in the left lane, leaving an empty lane between himself and the bicyclist. Allan then slowed down to the same speed as the bicyclist, crossed from the left lane, over the right lane, and into the bike lane, hit the bicyclist, and drove away. The collision threw the bicyclist onto the sidewalk where he rolled a few times before coming to a stop underneath a guardrail. As a result of the collision, the bicyclist sustained injuries including a fractured rib and abrasions. Another driver traveling behind Allan witnessed the accident and called police.

Officer Martinez was dispatched to the reported hit-and-run accident. The dispatch report described the suspect as a white male driving a red Jeep Cherokee. Officer Martinez located a red Jeep Cherokee with a male driver, later identified as Allan, and activated his emergency lights to initiate a traffic stop. Allan did not yield or make any efforts to stop. Officer Martinez then activated his siren, but Allan still did not yield. However, other vehicles, including a vehicle in front of Allan, yielded to Officer Martinez's lights and sirens. Allan drove around the vehicle in front of him and continued driving. Officer Martinez followed Allan with his emergency lights and sirens activated for approximately one-half mile. During the pursuit, Officer Martinez was informed the earlier crash may have been intentional and was possibly an assault with a deadly weapon. This caused Officer Martinez concern about added danger to the public.

After receiving this additional information, Officer Martinez believed he needed to engage in extra security measures to stop Allan. Officer Martinez decided to perform a pursuit intervention technique called a "pit maneuver." Officer Martinez explained that during a "pit maneuver," a patrol car strikes the back of the suspect vehicle, which causes the suspect vehicle

2

to spin around and, ideally, become disabled. Once the suspect vehicle has spun around, the patrol car makes contact with the front of the suspect vehicle while other officers box in the suspect vehicle with their patrol cars to prevent the suspect from driving away. Officer Martinez testified this technique is used only after considering multiple factors, including the risk the suspect vehicle poses to the general public, the current road conditions, oncoming traffic, vehicle speed, room to maneuver, and the presence of pedestrians or cyclists.

Officer Martinez conducted a pit maneuver, which spun Allan's vehicle around to face the front of Officer Martinez's patrol car. While both vehicles were face to face, Officer Martinez pulled his patrol car forward and made contact with the front of Allan's vehicle. Another officer made contact with the back of Allan's vehicle, boxing in Allan and preventing him from driving away.

Officer Martinez testified, "as soon as I made positive contact and both vehicles came to a stop, I immediately jumped out of my vehicle and started performing what we call a felony stop." Allan objected and the district court sustained the objection. The district court then instructed Officer Martinez "to confine [himself] to what [he] did as far as the stop" and Officer Martinez "need not characterize" the stop.

Officer Martinez then testified about what he did after completing the pit maneuver. Officer Martinez got out of his patrol car, but stayed by his driver's side area, and commanded Allan to put his hands where they could be seen. Assisting officers pulled in next to the passenger side of Officer Martinez's patrol car, putting Allan in their direct line of sight, and walked directly to Allan while Allan was boxed in between two police cars. Once the assisting officers reached Allan's driver's side door, Allan was asked to step out of his vehicle, and police took him into custody.

After the State's direct examination of Officer Martinez, Allan moved for a mistrial based on Officer Martinez's use of the phrase "felony stop" while testifying. The State argued Officer Martinez's use of the phrase "felony stop" was inadvertent and was a "general term or phrase" to describe the type of stop initiated to extract Allan from his vehicle safely and was not a reference to the charges Allan was facing. The district court found the use of the term "felony stop" did not amount to the level of prejudice that would warrant a mistrial. The district court found the term was referring to the more significant measures that had to be taken to stop Allan's vehicle and when considering the context of the statement, it was "very clear" the officer was talking about a

3

"pretty major maneuver" that was used because of the "magnitude of the events the officer is operating under." Thus, the district court found that, in context, the term was reasonably understood to refer to the significance of the maneuver. The district court also noted the jury had already been informed that Allan was facing charges for aggravated battery, leaving the scene of an injury accident, and eluding. As a result, the district court concluded the use of the phrase did not amount to the kind of prejudice that would warrant a mistrial and denied Allan's motion.

After denying Allan's motion for a mistrial, the district court offered to provide a limiting instruction to the jury despite not finding the challenged testimony required a limiting instruction. Allan never acted upon the offer and no limiting instruction was given. Allan did not ask for any additional instructions, nor did he object to any instruction provided during the jury instruction conference after both parties rested. The jury found Allan guilty of all counts. Allan appeals.

## II.

## STANDARD OF REVIEW

In criminal cases, motions for mistrial are governed by Idaho Criminal Rule 29.1. A mistrial may be declared upon motion of the defendant, when there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, which is prejudicial to the defendant and deprives the defendant of a fair trial. I.C.R. 29.1(a). Our standard for reviewing a district court's denial of a motion for mistrial is well established:

> [T]he question on appeal is not whether the trial judge reasonably exercised his discretion in light of circumstances existing when the mistrial motion was made. Rather, the question must be whether the event which precipitated the motion for mistrial represented reversible error when viewed in the context of the full record. Thus, where a motion for mistrial has been denied in a criminal case, the "abuse of discretion" standard is a misnomer. The standard, more accurately stated, is one of reversible error. Our focus is upon the continuing impact on the trial of the incident that triggered the mistrial motion. The trial judge's refusal to declare a mistrial will be disturbed only if that incident, viewed retrospectively, constituted reversible error.

*State v. Urquhart*, 105 Idaho 92, 95, 665 P.2d 1102, 1105 (Ct. App. 1983).

## III.

## ANALYSIS

Allan argues the district court erred in denying his motion for a mistrial after the jury heard Officer Martinez testify that he conducted a "felony stop." Allan asserts this constitutes reversible error because the term signaled to the jury that Allan was facing a felony charge and enticed the

4

jury to consider punishment when they rendered a guilty verdict. The State argues Officer Martinez's testimony was in reference to the nature of the traffic stop, not the characterization of the charges as felonies, and, ultimately, the use of the term did not deprive Allan of a fair trial. We hold the district court did not err in denying Allan's motion for mistrial.

In reviewing the denial of a motion for mistrial in a criminal case, this Court focuses on the continuing impact on the trial of the incident giving rise to the motion. *Id.* at 95, 665 P.2d at 1105. The denial of the motion for mistrial will be disturbed on appeal only if the incident giving rise to the motion, viewed retrospectively, constituted reversible error. *Id.* Appellate courts apply the harmless error test to determine whether the error that forms the basis for a motion for mistrial is reversible. *State v. Smith*, 170 Idaho 800, 810, 516 P.3d 1071, 1081 (2022). The harmless error test requires weighing the probative value of the record, as a whole, while excluding the erroneous evidence and at the same time comparing it against the probative force of the error. *Id.* "When the effect of the error is minimal compared to the probative force of the record establishing guilt beyond reasonable doubt without the error, it can be said that the error did not contribute to the verdict rendered and is therefore harmless." *Id.* (quoting *State v. Garcia*, 166 Idaho 661, 674, 462 P.3d 1125, 1138 (2020) (internal quotation marks omitted)).

It is not disputed that Officer Martinez used the term "felony" and he had been instructed not to use the term. However, the district court did not err in denying Allan's motion. Prior to Officer Martinez testifying that he conducted a "felony stop," the district court instructed the jury that Allan was charged with aggravated battery, leaving the scene of an injury accident, and eluding a peace officer. As such, the jury was already aware of the seriousness of Allan's charges. Also prior to Officer Martinez's testimony, the victim testified that Allan drove from the left lane, across the right lane, into the bike lane, and hit the victim. The collision threw the victim onto the sidewalk where he rolled underneath a guardrail and sustained significant injuries before Allan drove away. Additionally, the driver traveling behind Allan testified about witnessing the accident. Officer Martinez testified about Allan's behavior in failing to stop when Officer Martinez activated his emergency lights and then his sirens, Officer Martinez's heightened security concerns, the factors he considered, and the final decision to perform the pit maneuver. Therefore, the jury had already been informed about the seriousness of the charged crimes and heard evidence about the crimes prior to Officer Martinez testifying to conducting a "felony stop."

5

The district court found the phrase "felony stop" used by Officer Martinez referred to the significant measures law enforcement took to stop Allan, rather than a characterization of Allan's behavior or the nature of the charges Allan faced. We agree. Officer Martinez's testimony did not reference the level of criminal conduct charged or characterize Allan's actions as felonies but, rather, the type and level of action Officer Martinez took when he initiated and conducted the stop. Officer Martinez testified he performed a "felony stop" to differentiate between a routine traffic stop and the increased need for police force in this case, which included: boxing in Allan's vehicle between two patrol cars to prevent Allan from driving away; commanding Allan to keep his hands where police could see them; and the necessity of assisting officers taking Allan into custody. Therefore, the district court did not err when it found that Officer Martinez's testimony about conducting a "felony stop" did not signal to the jury that Allan was charged with a felony but, rather, referred to the significant measures taken to stop Allan's vehicle and take him into custody. As such, Allan has not shown the district court erred in denying his I.C.R. 29.1(a) motion for mistrial.

Allan speculates the use of the phrase "felony stop" would entice the jury to consider punishment when they rendered a verdict.[1] However, the district court instructed the jury not to concern themselves with the subject of penalty or punishment and penalty or punishment must not affect their verdict. We presume the jury followed the district court's instructions. *See State v. Kilby*, 130 Idaho 747, 751, 947 P.2d 420, 424 (Ct. App. 1997); *State v. Hudson*, 129 Idaho 478, 481, 927 P.2d 451, 454 (Ct. App. 1996). Nothing in the record suggests the jury did not follow the district court's instructions not to concern themselves with the penalty or punishment. Nor has Allan directed this Court to any language in the record or transcript showing the jury did not follow the district court's instructions. Allan's speculative assertion fails to show the alleged error was more than minimal or that it had a continued effect on the trial.

When weighing the probative force of the record while excluding the one-time use of the phrase "felony stop" and at the same time comparing it against the probative force of that

---

[1] The district court provided the standard Idaho Criminal Jury Instruction No. 106 as Instruction No. 18 after both parties rested. That instruction reads: "Do not concern yourself with the subject of penalty or punishment. That subject must not in any way affect your verdict. If you find the defendant guilty, it will be my duty to determine the appropriate penalty or punishment."

statement, we conclude any error was harmless.  Therefore, the district court did not err in denying Allan's motion for a mistrial.

## IV.

## CONCLUSION

The district court did not err in denying Allan's motion for a mistrial.  Allan's judgment of conviction is affirmed.

Judge LORELLO and Judge TRIBE, **CONCUR**.